| | |
|---|---|
| 1 | LYNN H. PASAHOW, (CSB No. 054283) |
| | e-mail: lpasahow@fenwick.com |
| 2 | J. DAVID HADDEN, (CSB No. 176148) |
| | e-mail: dhadden@fenwick.com |
| 3 | DARREN E. DONNELLY (CSB No. 194335) |
| | e-mail: ddonnelly@fenwick.com |
| 4 | FENWICK & WEST LLP |
| | 801 California Street |
| 5 | Mountain View, California 94041 |
| | Telephone: (650) 988-8500 |
| 6 | Facsimile: (650) 938-5200 |
| 7 | Attorneys for Plaintiff and Counterdefendant |
| | INFORMATICA CORPORATION |
| 8 | |
| 9 | TOWNSEND AND TOWNSEND AND CREW LLP |
| | DANIEL J. FURNISS, (State Bar No. 73531) |
| 10 | IAN L. SAFFER (admitted *pro hac vice*) |
| | 379 Lytton Avenue |
| 11 | Palo Alto, California 94301 |
| | Telephone: (650) 326-2400 |
| 12 | Facsimile: (650) 326-2422 |
| 13 | CHAD R. WALSH (State Bar No. 214290) |
| | FOUNTAINHEAD LAW GROUP |
| 14 | 900 Lafayette Street, Suite 509 |
| 15 | Santa Clara, CA 95050 |
| | Telephone: (408) 244-6319 |
| 16 | |
| 17 | Attorneys for Defendant and Counterclaimant |
| | BUSINESS OBJECTS DATA INTEGRATION, INC. |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 21 | INFORMATICA CORPORATION, a Delaware corporation, | Case No. C 02-3378 JSW |
| 22 | | |
| 23 | Plaintiff, | **[PROPOSED] SECOND AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| 24 | v. | |
| 25 | BUSINESS OBJECTS DATA INTEGRATION, INC., formerly known as ACTA TECHNOLOGY, INC., a Delaware corporation, | |
| 26 | | |
| 27 | Defendant. | |
| 28 | AND RELATED COUNTERCLAIMS | |

[PROPOSED] SECOND AMENDED STIPULATED PROTECTIVE ORDER    Case No. C 02 3378 JSW
REGARDING CONFIDENTIAL INFORMATION

Plaintiff and Counterdefendant Informatica Corporation ("Informatica") and Defendant and Counterclaimant Business Objects Data Integration, Inc. ("BODI"), by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order:

1. <u>Scope of Protective Order</u>:

    (a) All documents, materials, items, and/or information that contain or comprise trade secrets or other confidential research, development, or commercial information produced or submitted in connection with this action either by a party or by a nonparty to any other party or nonparty, and all information or material derived therefrom (the "Confidential Material"), shall be governed by this Protective Order.

    (b) The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

2. <u>2-Tier Designations</u>: Any information or materials produced or otherwise disclosed by any party or nonparty (the "Designating Person") as part of discovery in this action, and any materials lodged with the Court, may be designated by such party or nonparty as (1) "Confidential" or (2) "Highly Confidential - Attorneys' Eyes Only" under the terms of this Protective Order.

3. <u>Definitions</u>:

    (a) <u>Confidential</u>: As a general guideline, information or materials designated as "Confidential" shall be those things that may be disclosed to selected party representatives for the purposes of the litigation, but which must be protected against disclosure to third parties, including information or materials that, in a good faith belief of the Designating Person, are trade secrets or other confidential research, development, or commercial information that have not been made public. Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

- 2 -
[PROPOSED] SECOND AMENDED STIPULATED PROTECTIVE ORDER   Case No. C 02 3378 JSW
REGARDING CONFIDENTIAL INFORMATION

   (b) <u>Highly Confidential - Attorneys' Eyes Only</u>:  As a further general guideline, information or materials designated as "Highly Confidential - Attorneys' Eyes Only" shall be "Confidential Information" which, in a good faith belief of the Designating Person could, if disclosed to the other party, cause harm to the competitive position of the Designating Person, and that must be protected from disclosure.  Absent a specific order by this Court, once designated as "Highly Confidential - Attorneys' Eyes Only," such designated information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

  4. <u>Designating Documents</u>:  The designation of information or material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

   (a) in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate, to at least the first page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder, or in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony) produced by someone other than the Designating Person, such designation shall be made:  (a) within twenty (20) days from the date that the Designating Person receives notice that the document has been produced; and (b) by notice to all parties, identifying with particularity the designated documents; and

   (b) in the case of depositions or other pretrial or trial testimony: (i) by any reasonable means of indicating that the testimony is to be designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" before the testimony is recorded or by a statement on the

- 3 -
[~~PROPOSED~~] SECOND AMENDED STIPULATED PROTECTIVE ORDER   Case No. C 02 3378 JSW
REGARDING CONFIDENTIAL INFORMATION

1  record, by counsel, during such deposition or other pretrial or trial proceeding that the entire
2  transcript or a portion thereof shall be so designated, in which case the transcript of the designated
3  testimony shall be bound in a separate volume and marked by the reporter, as the Designated
4  Person may direct; or (ii) by written notice of such designation sent by counsel to all parties within
5  fifteen (15) days after the mailing (via overnight mail) to counsel of the transcript of the
6  deposition, in which case all counsel receiving such notice shall be responsible for marking the
7  copies of the designated transcript or portion thereof in their possession or control as directed by
8  the Designating Person.  During a deposition, the deponent or his counsel, or any other counsel of
9  record present at the deposition, may invoke the provisions of this Protective Order in a timely
10 manner, giving adequate warning to counsel for the party or nonparty that testimony about to be
11 given is deemed "Confidential" or "Highly Confidential - Attorneys' Eyes Only."  The parties
12 shall treat all deposition and other pretrial and trial testimony as "Highly Confidential - Attorneys'
13 Eyes Only" hereunder until the expiration of fifteen (15) days after the mailing (via overnight
14 mail) to counsel of the transcript of the deposition.  Unless so designated, any confidentiality is
15 waived after the expiration of the 15-day period unless otherwise stipulated or ordered.  The
16 parties may modify this procedure for any particular deposition or proceeding through agreement
17 on the record at such deposition or proceeding or otherwise by written stipulation, without further
18 order of the Court.  If any document or information designated as "Confidential" or "Highly
19 Confidential - Attorneys' Eyes Only" is used during the course of a deposition, that portion of the
20 deposition record reflecting such confidential information shall be sealed and stamped with the
21 designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms
22 of this Protective Order.  Where testimony is designated at a deposition, the Designating Person
23 may exclude from the deposition all persons other than those to whom the Confidential Material
24 may be disclosed as set forth in paragraphs 5 and 6 below.  Any party may mark Confidential
25 Material as a deposition exhibit and examine any witness thereon, provided that the deposition
26 witness is one to whom the exhibit may be disclosed under paragraphs 5 and 6 of this Order and
27 the exhibit and related transcript pages receive the same confidentiality designations as the
28 original material.

1       5.    <u>Access to Material Designated "Confidential"</u>: Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

       (a)    parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

       (b)    Up to three (3) party representatives from each party, selected from the parties in-house counsel, officers, directors, or employees, whose assistance is necessary for the purposes of this litigation, each representative to be identified by written notice to the Designating Party prior to the disclosure of "Confidential" information to such party representative, and subject to and conditioned upon compliance with paragraph 8 herein. The Designating Party may object to the disclosure within five (5) business days of service of the identification, during such period no disclosure will be made, and if no agreement is reached, the Designating Party may petition the Court to stop the disclosure within fifteen (15) days of service with no disclosure to be made until resolution by the Court. Any such objection shall only be made in good faith belief that the disclosure to such party may or will cause competitive harm to the Designating Party.

       (c)    consultants pursuant to the provisions of Paragraph 7 herein and subject to and conditioned upon compliance with Paragraph 8 herein;

       (d)    the Court, pursuant to Paragraph 10 herein;

       (e)    court reporters employed in connection with this action;

       (f)    graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 8 herein;

       (g)    non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 8 herein; and

   (h) any other person only upon order of the Court or upon written consent of the party producing the confidential information or material and conditioned upon compliance with Paragraph 8 herein.

  6. <u>Access to Material Designated "Highly Confidential - Attorneys' Eyes Only"</u>: Information or material designated as "Highly Confidential - Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

   (a) parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

   (b) consultants pursuant to the provisions of Paragraph 7 herein and subject to and conditioned upon compliance with Paragraph 8 herein;

   (c) the Court, pursuant to Paragraph 10 herein;

   (d) court reporters employed in connection with this action;

   (e) graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 8 herein;

   (f) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 8 herein; and

   (g) any other person only upon order of the Court or upon written consent of the party producing the confidential information or material subject to and conditioned upon compliance with Paragraph 8 herein.

  All source code produced in this litigation, either by a party or non-party, shall be maintained as "Highly Confidential – Attorneys' Eyes Only." Additionally, the party receiving the source code shall maintain the source code at its counsel's office on a computer that is not connected to the Internet or any other network. The source code may be loaded from the CD-ROM(s) on which it is produced to the non-networked computer's hard drive. The source code

shall not leave counsel's office except that (1) a consultant identified and approved pursuant to the requirements of Paragraphs 7 and 8 below may take copies of the source code (electronic or hard copy) from counsel's office to facilitate his or her analysis of the source code; (2) counsel for a party may bring copies of the source code to the location of a deposition for use in connection therewith, or to Court for use in a proceeding therein; (3) the classes of persons identified in Paragraphs 6(d)–6(g), above, may be provided excerpts of source code in connection with their performing the services so indicated, or consented to. Consultant(s) to whom the source code is shown will take the source code from counsel's office only as needed, and shall take only those portions of the code that are needed for the consultant's analysis. The consultant(s) shall exercise due care in the handling and protection of the source code in accordance with Paragraph 12 at all times. If a consultant takes an electronic copy of the source code from counsel's office, the consultant shall only view the source code on a computer that is not connected to the Internet or any other network.

Consultants and counsel may make back-up and/or partial copies of the source code as needed to analyze the source code. Any additional costs resulting from analysis of the source code by a consultant at counsel's office, including but not limited to travel time and software licenses, shall be reimbursed by the party producing the source code. The party seeking reimbursement for such costs shall provide an invoice of the costs to counsel for the producing party, which will be due and payable within thirty (30) days. These provisions regarding the protection and handling of source code may be altered and/or modified only in writing by the party producing the source code.

7. <u>Procedure for Approval of Consultants</u>: The procedure for having a consultant approved for access to information or materials designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall be as follows:

(a) The party seeking to have a consultant approved shall provide each other party with a current resume or curriculum vitae of such person, which shall include a description of past and present employers and persons or entities with whom the consultant has been engaged

1  in any consulting relationships in the last ten years, and a copy of a completed and signed
2  undertaking in the form attached hereto as Exhibit A.

3    (b)    Within ten (10) days after mailing (via overnight delivery) of the
4  information and signed undertaking described in subparagraph (a) by the party seeking approval,
5  any other party may object to the person proposed for approval if facts available to that party give
6  it reason to believe that there is a reasonable likelihood that the designated person may use
7  information designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" for
8  purposes other than the preparation or trial of this case.  Upon timely and good faith objection,
9  disclosure to the consultant shall not be made, subject to a successful conference or motion for
10  relief made by the party objecting to the consultant as set forth in paragraph 7(c) below.  Failure to
11  object within ten (10) days to a person proposed shall be deemed approval, but shall not preclude
12  a party from objecting to continued access of "Confidential" or "Highly Confidential - Attorneys'
13  Eyes Only" information by that person where facts suggesting a basis for objection are
14  subsequently learned by the party or its counsel.

15    (c)    If any other party so objects, the parties shall, within fifteen (15) days from
16  the date of the mailing of notice of objection, confer and attempt to resolve the dispute.  At that
17  conference the objecting party shall inform the party requesting approval of its reasons for
18  objecting to the designated person.  If the parties cannot resolve the dispute, or if the conference
19  does not take place, then, within fifteen (15) days from the date of the conference or within thirty
20  (30) days from the date of the mailing of notice of objection, the objecting party may move the
21  Court for an order that access to information designated "Confidential" or "Highly Confidential -
22  Attorneys' Eyes Only" be denied to the designated person.  These time periods are not to restrict a
23  party from moving for a court order earlier if the circumstances so require.  Failure to file a
24  motion within these periods shall constitute waiver of the specific objection, but shall not preclude
25  a party from objecting to continued access of "Confidential" or "Highly Confidential - Attorneys'
26  Eyes Only" information where facts suggesting a basis for objection are subsequently learned by
27  the party or its counsel.

28

- 8 -
[PROPOSED] SECOND AMENDED STIPULATED PROTECTIVE ORDER    Case No. C 02 3378 JSW
REGARDING CONFIDENTIAL INFORMATION

       8.    <u>Agreement to be Bound</u>: All persons listed in Paragraphs 5(b), 5(c), 5(f), 5(g), and 5(h) above may be given access to information or material designated as "Confidential," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A. Similarly, all persons listed in Paragraphs 6(b), 6(e), 6(f), and 6(g) above may be given access to information or material designated as "Highly Confidential - Attorneys' Eyes Only" provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

       9.    <u>Examination of Witnesses</u>: Any person may be examined as a witness at trial or during a deposition concerning any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" which that person had lawfully received or authored prior to and apart from this action. During examination, a party may show information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" to a witness or deponent where it appears on its face or from other documents or testimony that the witness was an author, addressee or recipient of the information or material, provided that the examining party makes a reasonable effort to obtain the witness' compliance with Paragraph 8.

      10.    <u>Court Procedures</u>: Submission of Confidential Material to the Court shall be submitted to the Clerk of the Court in accordance with Civil Local Rule 79-5.

      11.    <u>Objections</u>: A party may challenge any other party's designation of information or materials produced herein as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of whether or not it will change the designation and, if not, of the bases for the asserted designation within ten (10) days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within fifteen (15) days after conferring with the

- 9 -
[~~PROPOSED~~] SECOND AMENDED STIPULATED PROTECTIVE ORDER     Case No. C 02 3378 JSW
REGARDING CONFIDENTIAL INFORMATION

producing party, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Failure to make an application within the fifteen (15) day period shall constitute a waiver of the objection. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

12. <u>Handling of Confidential Materials</u>: All "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information and material covered by this Protective Order shall be kept in safe and secure facilities, and all persons receiving such information or material shall exercise due and proper care with respect to the storage, custody, and use thereof, so as to prevent the unauthorized or inadvertent disclosure of any "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information and material.

13. <u>Acknowledgement</u>: All counsel for the parties who have access to information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

14. <u>No Effect on Other Rights</u>: Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any particular information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Highly Confidential - Attorneys' Eyes Only";

      (c)    prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

      (d)    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

      (e)    prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

      (f)    prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information;

      (g)    prejudice in any way the rights of any party to make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the categories of "Highly Confidential - Attorneys' Eyes Only" information or materials itemized in Paragraph 3(b) above, is properly designated "Highly Confidential - Attorneys' Eyes Only"; or

      (h)    prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

15.    <u>Limits of Protective Order</u>:  This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" obtained lawfully by such party independently of any proceedings in this action, or which:

      (a)    was already known to such party by lawful means prior to acquisition from, or disclosure by, any other party in this action;

      (b)    is or becomes publicly known through no fault or act of such party; or

      (c)    is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

| | |
|---|---|
| 1 | 16. <u>Third-Party Confidential Materials</u>: In the event that information in the possession |
| 2 | or control of a party involves the confidentiality rights of a non-party or its disclosure would |
| 3 | violate a Protective Order issued in another action, the party with possession or control of the |
| 4 | information shall obtain the consent of the non-party to disclose the information under this Order. |
| 5 | If the consent of the non-party cannot be obtained, the party will notify the party seeking |
| 6 | discovery of: (a) the existence of the information without producing such information and; (b) the |
| 7 | identity of the non-party (provided, however, that such disclosure of the identity of the non-party |
| 8 | does not violate any confidentiality obligations). The party seeking discovery may then make |
| 9 | further application to the non-party or seek other means to obtain such information. |
| 10 | 17. <u>Limitations on Use of Information For Patent Prosecution</u>: Any individual who |
| 11 | obtains access to information designated "Highly Confidential — Attorney's Eyes Only" pursuant |
| 12 | to this Order shall not engage in Patent Prosecution (1) for, or on behalf of, a party to this action; |
| 13 | (2) for, or on behalf of, a client of such individual, of a Patent Application claiming subject matter |
| 14 | relating to software that extracts data from data sources, transforms the data according to user |
| 15 | specifications, and loads the data into a data mart or data warehouse; or (3) in any other way using |
| 16 | information obtained solely pursuant to his Order for obtaining patent protection. For purposes of |
| 17 | this paragraph 17, a "Patent Application" shall mean and include an application for patent, |
| 18 | international application, reissue application, application undergoing reexamination, continuing |
| 19 | application (including continuation, continuation-in-part, and divisional), and an application or |
| 20 | patent in an interference, filed either in the United States Patent and Trademark Office ("USPTO") |
| 21 | or patent office or authority abroad. For purposes of this paragraph 17, "Patent Prosecution" shall |
| 22 | mean and include the preparation or prosecution of a Patent Application, or supervising or |
| 23 | otherwise assisting another in doing the same. The limitations imposed on Patent Prosecution |
| 24 | contained in this paragraph 17 shall apply to Patent Applications pending during, or within two |
| 25 | years after termination of, this action. |
| 26 | 18. <u>Inadvertent Disclosure</u>: If a party inadvertently produces "Confidential" or |
| 27 | "Highly Confidential - Attorneys' Eyes Only" information without marking it as such, it may be |
| 28 | disclosed to others until the receiving party becomes aware of the error, unless it appears from the |

- 12 -
[<s>PROPOSED</s>] SECOND AMENDED STIPULATED PROTECTIVE ORDER     Case No. C 02 3378 JSW
REGARDING CONFIDENTIAL INFORMATION

Case 3:02-cv-03378-EDL Document 166 Filed 02/27/2006 Page 13 of 16

face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the receiving party shall: (a) make all reasonable efforts to treat the information as if it had been timely designated under this Protective Order; (b) promptly make all reasonable efforts to obtain the return of and preclude dissemination or use of the information by any person to whom disclosure was made who is not authorized to access such information by Paragraphs 5 or 6 above, as well as any copies made by such persons; and (c) within seven (7) business days, notify the producing party of the identity of every person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

19. <u>Inadvertent Disclosure of Privileged Documents</u>: If a party inadvertently produces a document that it later discovers to be a privileged document, the production of that document shall not be deemed to constitute the waiver of any applicable privileges. In such circumstances, the producing party must immediately notify the receiving party of the inadvertent production, and request the return or confirmed destruction of the privileged materials. Within five (5) days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for reasons other than its inadvertent production.

20. <u>Modification</u>: It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other parties hereto for good cause.

21. <u>Agreement Pending Entry by the Court</u>: The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

[PROPOSED] SECOND AMENDED STIPULATED PROTECTIVE ORDER          Case No. C 02 3378 JSW
REGARDING CONFIDENTIAL INFORMATION

22. <u>Survival and Disposal of Materials</u>: The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or shall certify destruction thereof. Counsel described in paragraphs 5(a) and 6(a) above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only") provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

23. <u>Use of Confidential Material in Court Proceedings or Appeal</u>: In the event that any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" through such use. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

24. <u>Non-Party Demands for Confidential Materials</u>: If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material

which was produced or designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and shall object to its production to the extent permitted by law.  Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order.  Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

DATED:  February 7, 2006    FENWICK & WEST LLP

By: s/DARREN E. DONNELLY
　　　Darren E. Donnelly
　　Attorneys for Plaintiff
　　INFORMATICA CORPORATION.

DATED:  February 7, 2006    TOWNSEND AND TOWNSEND AND CREW LLP

By: s/IAN L. SAFFER
　　　Ian L. Saffer
　　Attorneys for Defendant
　　BUSINESS OBJECTS DATA
　　INTEGRATION, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  __February 14__, 2006    _____
　　　　　　　　　　　　　　　　　Honorable Jeffrey S. White
　　　　　　　　　　　　　　　　　United States District Court Judge

# EXHIBIT A

## CERTIFICATION TO RECEIVE CONFIDENTIAL MATERIAL

I, _____, hereby certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in *Informatica Corporation v. Business Objects Data Integration, Inc.*, C 02-03378 JSW. My address is _____ _____. My present occupation is \_\_ _____.

I have been given a copy of that Protective Order and read it. I agree to be bound by the Protective Order. I will not reveal the Confidential Material to anyone, except as allowed by the Protective Order. I will maintain all such Confidential Material – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Material – including copies, notes, or other transcriptions made therefrom – to the counsel who provided me with the Confidential Material. I hereby consent to the jurisdiction of the United States District Court of the Northern District of California, San Francisco Division, for the purpose of enforcing the Protective Order.

Executed this _____ day of _____, at _____ _____.

I declare under penalty of perjury that the foregoing is true and correct.

_____

[PROPOSED] SECOND AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION                    Case No. C 02 3378 JSW