IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFORMATICA CORPORATION, a Delaware Corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>BUSINESS OBJECTS DATA INTEGRATION, INC., formerly known as ACTA TECHNOLOGY, INC., a Delaware Corporation,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS.<br>_____/ | No. C 02-3378 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 17, 2006:

The Court **tentatively GRANTS** defendant Business Objects Data Integration, Inc.'s ("BODI") motion to strike plaintiff Informatica Corporation's ("Informatica") newly asserted claims of infringement. The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument

or additional briefing. *See* Civ. L.R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party will have fifteen minutes to address the following questions:

(1) Pursuant to the Patent Local Rules, Informatica may amend its Preliminary Infringement Contentions to assert additional claims may only be made with leave of court upon a showing of good cause. *See* Pat. L.R. 3-7; *see also LG Electronics Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 366-67 (N.D. Cal. 2002). How did the Court's claim construction order and/or BODI's production of the most recent versions of its software in October and November 2005 create good cause to assert additional claims?

(2) Does Informatica contend that the versions of BODI's software produced before October 2005 do not infringe the additional claims asserted in Informatica's Final Infringement Contentions? If so, specifically how does the software produced in October and November 2005 differ from the older versions so that the newer versions allegedly infringe the additional claims and the older versions do not?

(3) Do the parties have anything further to add?

**IT IS SO ORDERED.**

Dated: February 15, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE