**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INFORMATICA CORPORATION, a
Delaware Corporation,

    Plaintiffs,

v.

BUSINESS OBJECTS DATA
INTEGRATION, INC., formerly known as
ACTA TECHNOLOGY, INC., a Delaware
Corporation,

    Defendants.

AND RELATED COUNTERCLAIMS.
                                               /

No. C 02-3378 JSW

**ORDER GRANTING MOTION TO STRIKE**

      Now before the Court is the motion by defendant Business Objects Data Integration, Inc.'s ("BODI") to strike plaintiff Informatica Corporation's ("Informatica") newly asserted claims of infringement. Having carefully considered the parties' arguments, the relevant legal authority, and having had the benefit of oral argument, the Court hereby GRANTS the BODI's motion to strike.

      On November 29, 2005, without leave of court, Informatica served its Final Infringement Contentions asserting forty-one claims in addition to the forty-eight claims asserted in its preliminary contentions. (Declaration of Robert D. Tadlock in Support of BODI's Motion ("First Tadlock Decl."), ¶ 4, Ex. A.) BODI moved to strike these additional claims arguing that Informatica asserted them in violation of the Patent Local Rules for the Northen District of California. In response, Informatica disputed that the local rules require leave of court upon a showing of good cause to assert additional claims in its Final Infringement

Contentions. (Opp. at 1-2.) Alternatively, Informatica asserts in its opposition brief that BODI's recent production of its source code in October and November 2005 constitutes good cause. (Opp. at 3-4.)

Pursuant to the Patent Local Rules, Informatica may amend its Preliminary Infringement Contentions to assert additional claims only with leave of court upon a showing of good cause. *See* Pat. L.R. 3-7; *see also LG Electronics Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 366-67 (N.D. Cal. 2002). Informatica failed to seek leave of court. Moreover, in response to BODI's motion to strike, Informatica fails to demonstrate good cause. Informatica argued that BODI's production of source code in the fall of 2005 constitutes good cause. According to Informatica, it was only after the fall of 2005 that "Informatica was able to review the source code and map the accused product to assert additional claims in its Final Infringement Contentions." (Opp. at 3.) However, BODI produced versions of its software in 2003 and 2004, and Informatica's additional infringement contentions are not limited to the software versions produced in the fall of 2005. (Declaration of Robert D. Tadlock in Support of BODI's Reply Brief, ¶¶ 2-4; First Tadlock Decl., Ex. 2.)

At the hearing on BODI's motion to strike, Informatica argued for the first time that the software produced in the fall of 2005 was not sufficiently different from the earlier produced software to create good cause to amend its infringement contentions, but rather, it was BODI's production of software code in April 2003 that created good cause. Despite having notice of the Court's tentative ruling that Informatica bore the burden of demonstrating good cause for leave to amend, Informatica provided no justification for having waited almost three years to demonstrate such good cause. Moreover, Informatica failed to point to any *specific* information disclosed by BODI which would justify giving leave to assert the additional claims. Instead, Informatica advocated for a blanket rule providing an exception for patent cases that involve software enabling a plaintiff to amend its infringement contentions whenever a defendant produces source code. However, the Patent Local Rules require the party that wants to amend its contentions to assert additional claims seek leave of court and demonstrate good cause. The Court does not read the Patent Local Rules to provide for an automatic exception for software

2

infringement cases. *See* Pat. L.R. 3-7; *see also LG Electronics Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 366-67 (N.D. Cal. 2002). Because Informatica neither sought leave of court nor demonstrated good cause, the Court GRANTS BODI"s motion to strike the additional claims asserted in Informatica's Final Infringement Contentions.

**IT IS SO ORDERED.**

Dated: February 23, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3