UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFORMATICA CORPORATION, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>BUSINESS OBJECTS DATA INTEGRATION, INC.<br>(Formerly ACTA TECHNOLOGY, INC.),<br><br>   Defendants.<br>_____/ | No. C 02-3378 JSW  (JL)<br>**E-FILING**<br><br>**BRIEFING ORDER**<br>**(For Docket # 187)** |

**Introduction**

Informatica Corporation ("Informatica") is suing Business Objects Data Integration, Inc. ("BODI", formerly Acta Technology) for patent infringement.

All discovery in this case has been referred by the district court (Hon. Jeffrey S. White) as provided by 28 U.S.C. §636(b) and Civil Local Rule 72. The district court on April 18 granted the parties' stipulation re damages, expert reports and the discovery cut-off. Fact discovery closes June 5, 2006.

**Discovery Dispute**

This Court received the parties' joint letter brief arguing the merits of their positions on a discovery dispute. They disagree on the scope of any waiver of the attorney-client privilege and the work product doctrine resulting from BODI's assertion of the advice of

counsel defense and the additional wrinkle that one of the attorneys who rendered an opinion on infringement is a member of the firm which represents BODI in this litigation.

Informatica asks this Court to compel BODI to include all responsive attorney-client communications and work product regarding its non-infringement contentions in response to Interrogatory No. 3, and supplement all discovery responses to include responsive attorney-client communications and work product. Furthermore, Informatica asks the Court to order the Townsend firm and attorney Philip H. Albert to produce all attorney-client communications and attorney work product regarding infringement or non-infringement of the patents-in-suit in response to the subpoenas issued by Informatica.

In its portion of the letter brief, BODI "respectfully requests that it be allowed full briefing on the merits if the Court were to consider granting Informatica's motion in whole or in part." (Letter brief at pages 3 and 4)

**Order**

This Court does indeed consider granting Informatica's motion at least in part and hereby orders the parties to brief the issue of the existence and scope of the waiver of both attorney-client privilege and the work product doctrine, particularly in light of the following:

*Akeva L.L.C. v Mizuno Corporation*, 243 F. Supp. 2d 418 (M.D.N.C. 2003);

*Novartis Pharmaceuticals Corporation v. Eon Labs Manufacturing, Inc.*, 206 F.R.D. 396 (D.Del. 2002);

*Convolve, Inc. v. Compaq Computer Corp.*, 224 F.R.D. 98 (S.D.N.Y. 2004);

David Hricik, *How Things Snowball: The Ethical Responsibilities and Liability Risks Arising from Representing a Single Client in Multiple Patent-related Representations*, Georgetown Journal of Legal Ethics, Spring 2005, 18 Geo. J. Legal Ethics 421.

BODI shall file its brief of no more than ten pages within two weeks of the e-filing of this order and Informatica shall file its response of no more than ten pages within ten days of receipt of BODI's brief. The Court will then take the matter under submission.

1   IT IS SO ORDERED.
2
3   DATED: April 19, 2006
4
5   _____
    JAMES LARSON
6   Chief Magistrate Judge

United States District Court
For the Northern District of California