1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11    INFORMATICA CORPORATION, et al.,            No. C 02-3378 JSW  (JL)
                                                  **E-FILING**
12                    Plaintiffs,

13            v.                                  **ORDER GRANTING IN PART MOTION
                                                  TO COMPEL (Docket # 187)**
14    Business Objects Data Integration, Inc.,

15                    Defendants.
      _____/

16
                                      **Summary**
17
              Plaintiff Informatica Corporation ("Informatica") moves to compel answers to
18
      interrogatories and production of documents which Defendant BODI withholds as protected
19
      by the attorney-client privilege and the work product doctrine. The motion is granted in part.
20
      This Court finds that BODI waived attorney-client privilege for both pre- and post-filing
21
      communications on the subject of the opinion on which it relies for its advice-of-counsel
22
      defense and for work product on the same subject which was communicated to BODI,
23
      including documents which reference any attorney-client communications on that subject.
24
      Such waiver applies to opinion counsel and trial counsel alike.
25
              While opinion counsel and trial counsel can be walled off from each other, the
26
      immurement is immaterial -- what matters, according to the Federal Circuit  in *Echostar*, is
27
      the state of mind of BODI relative to infringement.  It is immaterial whether BODI's opinion
28

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  counsel and trial counsel are from the same firm, different firms or are even the same

2  person. What matters is the following:

3       1. BODI relies on advice of counsel as a defense to Informatica's charge that it

4  willfully infringed Informatica's patents;

5       2. Therefore, BODI waives any privilege for communications with counsel on the

6  subject of the opinion or advice on which it relies, as well as work product on that subject

7  communicated to BODI or which refers to communications on that subject; and

8       3. Informatica alleges that BODI continues to infringe Informatica's patents;

9       4. Therefore, Informatica is entitled to information subject to waiver which BODI

10  received even after Informatica filed its complaint; and

11       5. The categories of information which BODI must turn over to Informatica include

12  (a) attorney-client communications with any counsel on the subject of the opinion or advice

13  on which BODI relies; (b) work product communicated to BODI on that same subject; (c)

14  work product which reflects any communication on that subject.

**Background**

16       Informatica Corporation ("Informatica") is suing Business Objects Data Integration,

17  Inc. ("BODI", formerly Acta Technology) for patent infringement. All discovery in this case

18  has been referred by the district court (Hon. Jeffrey S. White) as provided by 28 U.S.C.

19  §636(b) and Civil Local Rule 72. The district court on April 18 approved the parties'

20  stipulation re damages, expert reports and the discovery cut-off. Fact discovery closed

21  June 5, 2006.

22       BODI contends that disclosures of privileged information and the deposition of

23  opinion counsel should be delayed until after the parties file their motions for summary

24  judgment.  Pursuant to the order setting dates, [Docket No. 147], BODI produced its written

25  opinions of counsel on January 31, 2006. Tadlock Decl. ¶ 11. Informatica recently has

26  sought to depose both the attorney who authored the opinions, and also the BODI

27  representative who received the opinion (who happens to be BODI's in-house counsel). *Id.*

28  ¶ 12. Such depositions would require further disclosure of attorney-client communications

**United States District Court**
For the Northern District of California

1  and attorney work product at a time when the parties are preparing expert reports and

2  motions for summary judgment. *Id.* Summary judgment motions were scheduled to be filed

3  by June 16, 2006 and argued on August 4, 2006. [Docket No. 147]. However, Judge White

4  vacated the hearing on summary judgment because, although the parties agreed to try the

5  case on the basis of representative claims, they cannot agree on what those claims are:

6  > Although both parties agree that this Court may utilize a representative claims approach for trial, they disagree over what those representative claims should be. The Court exhorts the parties further meet and confer in person in an effort to resolve this dispute and submit a status report by no later than June 26, 2006. Until this dispute is resolved, the Court cannot proceed with the current schedule set for dispositive motions in this matter.

7

8

9

10  (Order filed 6/12/2006, at docket # 224)

11  The parties on June 26 advised the district court that they would be submitting a

12  stipulation as to the representative claims. (Status Report at Docket # 225) The district

13  court on July 5  approved the parties' stipulation extending damages expert discovery to

14  August 31 (Docket #229).

15  **Discovery Dispute**

16  This Court received the parties' joint letter brief arguing the merits of their positions

17  on the scope of any waiver of the attorney-client privilege and the work product doctrine

18  resulting from BODI's assertion of the advice-of-counsel defense. An additional wrinkle is

19  that one of the attorneys who rendered an opinion on infringement is a member of the

20  same firm which represents BODI in this litigation.

21  Informatica asks this Court to compel BODI to include all responsive attorney-client

22  communications and work product regarding its non-infringement contentions in response

23  to Interrogatory No. 3, and supplement all discovery responses to include responsive

24  attorney-client communications and work product. Furthermore, Informatica asks the Court

25  to order the Townsend firm and attorney Philip H. Albert to produce all attorney-client

26  communications and attorney work product regarding infringement or non-infringement of

27  the patents-in-suit in response to the subpoenas issued by Informatica.

28

United States District Court

For the Northern District of California

1       In its portion of the letter brief, BODI "respectfully requests that it be allowed full

2 briefing on the merits if the Court were to consider granting Informatica's motion in whole or

3 in part." (Letter brief, Docket # 187, at pages 3 and 4)

4       The Court was inclined to grant Informatica's motion and ordered the parties to brief

5 the issue of the existence and scope of the waiver of both attorney-client privilege and the

6 work product doctrine, particularly in light of the following authorities: *AKEVA L.L.C. v*

7 *Mizuno Corporation*, 243 F. Supp. 2d 418 (M.D.N.C. 2003); *Novartis Pharmaceuticals*

8 *Corporation v. Eon Labs Manufacturing, Inc.*, 206 F.R.D. 396 (D.Del. 2002); *Convolve, Inc.*

9 *v. Compaq Computer Corp.*, 224 F.R.D. 98 (S.D.N.Y. 2004); David Hricik, *How Things*

10 *Snowball: The Ethical Responsibilities and Liability Risks Arising from Representing a*

11 *Single Client in Multiple Patent-related Representations*, Georgetown Journal of Legal

12 Ethics, Spring 2005, 18 Geo. J. Legal Ethics 421.

13       The parties then requested an opportunity also to brief the impact on this case of the

14 decision by the Federal Circuit in the case of *In re EchoStar Communications Corp.* 448

15 F.3d 1294 (Fed. Cir. 2006), which was decided May 1, 2006. The Court granted their

16 request and briefing was submitted. The Court took the matter under submission.

17                     **Argument**

18       BODI argues that this Court should give precedence to the Federal Circuit's

19 decisions and specifically *Echostar*, which absolved from disclosure any work product not

20 disclosed to the client.

21       When an alleged patent infringer asserts an advice-of-counsel defense regarding

22 willful infringement, it waives its attorney-client privilege and work-product immunity

    for any document or opinion that embodies or discusses a communication to or from

23 it concerning whether that patent is valid, enforceable, and infringed by the accused;

    waiver includes not only any letters, memorandum, conversation, or the like between

    the attorney and his or her client, but, when appropriate, any documents referencing

24 a communication between attorney and client.

25 *Id.* at 1304.

26       BODI argues that there is a significant difference between the same individual

27 lawyer being both opinion and litigation counsel and those roles being played by different

28

1   lawyers with the same firm. BODI contends that "[w]here the same individual lawyer does

2   not act as both trial and opinion counsel, the proper balance is to not require disclosure of

3   such sensitive communications, which are not relevant to the alleged infringer's state of

4   mind. [Docket No. 198, ¶. 4-6.]"

5        BODI urges this Court to "not extend the waiver of attorney-client privilege to BODI's

6   trial counsel, but rather follow the Northern District cases that find the trial counsel's

7   communications are not discoverable. *E.g., Sharper Image Corp. v. Honeywell International

8   Inc.*, 222 F.R.D. 621 at 634-46 (N.D.Cal. 2004); *Collaboration Properties*, *Inc. v. Polycom,

9   Inc.*, 224 F.R.D. 473 at 475-77 (N.D.Cal. 2004); *Terra Novo, Inc. V. Golden Gate Products,

10  Inc.*, 2004 WL 2254559 at *3 (N.D.Cal. 2004)."

11       This Court examined those cases and finds they are factually distinguishable: in

12  *Sharper Image* there was separately retained litigation counsel. In *Collaboration Properties*

13  trial counsel did not provide any pre-litigation advice. In *Terra Novo,* trial and litigation

14  counsel were with separate firms. Consequently, BODI's citation to these cases is not than

15  convincing.

16       BODI asks this Court to interpret *EchoStar* to hold that attorney work product is not

17  discoverable unless it is communicated to the client or discusses a communication with a

18  client. *In re EchoStar,* 448 F.3d at 1305. ("counsel's legal opinions and mental impressions

19  that were not communicated . . . are . . . not within the scope of the waiver . . . work product

20  that was not communicated to EchoStar or does not reflect a communication is not within

21  the scope of EchoStar's waiver because it obviously played no part in EchoStar's belief as

22  to infringement of the '389 patent." *Id.*

23       The Federal Circuit reasoned that "if a legal opinion or mental impression was never

24  communicated to the client, then it provides little if any assistance to the court in

25  determining whether the accused knew it was infringing, and any relative value is

26  outweighed by the policies supporting the work-product doctrine." *Id.* at 1304. Thus, says

27  BODI, if this Court orders production of any of trial counsel's materials, it should extend

28  only to materials that were communicated to BODI, not uncommunicated work product.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   BODI asks the Court not to ignore this clear mandate from *EchoStar*.

2       Informatica argues that BODI's trial counsel's uncommunicated work product is

3   discoverable because Mr. Albert and BODI's trial counsel are from the same law firm.

4   [Docket No. 206 at 7-8.] To the extent that Informatica relies on *Novartis* for this

5   proposition, BODI asks the Court to find that case distinguishable because there the same

6   individual attorney acted as both opinion and trial counsel. *Novartis Pharms. Corp. v. Eon

7   Labs Mfg.*, 206 F.R.D. 392, 399 (D. Del. 2002) ("Eon's opinion counsel, Mr. Pontani, has

8   actually entered an appearance in this matter.") BODI points to the appearance by opinion

9   counsel in *Novartis* as distinguishing that case from the case at bar, where opinion counsel

10  has not made an appearance.

11      Moreover, to the extent *Novartis* is inconsistent with *EchoStar*, BODI urges this

12  Court to rule that the former is no longer good law and deny Informatica's motion to compel

13  production of uncommunicated work product.  BODI argues that *EchoStar* directly

14  contradicts this argument. With regard to work product, the Federal Circuit determined that

15  uncommunicated work product "provides little if any assistance" in determining a

16  defendant's state of mind. *In re EchoStar*, 448 F.3d at 1305.

17      That Mr. Albert and BODI's trial counsel are members of the same firm, argues

18  BODI, has no bearing on whether any given work product document was communicated to

19  BODI, in which case it might affect BODI's state of mind, or uncommunicated, in which

20  case it would not. BODI asks this Court to find, under the rationale of *EchoStar*, that the

21  identity of the lawyer providing the opinion and that lawyer's affiliation, if any, with a law

22  firm, is irrelevant and that the sole relevant inquiry is what the alleged infringer knew or did

23  not know.

24      Informatica also claims that BODI's trial counsel must produce its communications

25  and work product because Mr. Albert allegedly was not in any way separated from BODI's

26  trial counsel. Mr. Albert has stated under oath that he has never been a member of the

27  Townsend litigation team and that his last communication with trial counsel about the

28

**United States District Court**
For the Northern District of California

1   Informatica patents-in-suit was over three years ago, on November 14, 2002. [See Docket

2   No. 199 ¶ 6]. There is no evidence that Mr. Albert communicated with BODI's trial counsel,

3   even though they are members of the same firm as Mr. Albert.

4          Finally, BODI asks the Court for procedural reasons not to compel any further

5   response to Interrogatory 3, which it contends is improper for reasons that have nothing to

6   do with the work product doctrine and the waiver resulting from the advice-of-counsel

7   defense. BODI contends that any dispute over BODI's response to Interrogatory 3 was

8   resolved during the meet and confer between counsel, and the decision by the court in

9   *EchoStar* does not affect this resolution. Prior to filing this motion, counsel for BODI agreed

10  to supplement its response to Interrogatory 3, but at all times maintained that it would not

11  conduct any product comparisons requested by the interrogatory that had not been

12  previously conducted, and that it would not create work product that did not already exist.

13  [Docket No. 201 ¶¶ 5-6 & Exh. 3.]

14         Counsel for Informatica admits that this is all that BODI's counsel agreed to do,

15  [Docket No. 207 ¶ 6], but now contends that this agreement was not a resolution of the

16  dispute, but rather was a unilateral agreement by BODI to provide additional information,

17  which Informatica could then review and either accept or reject. [Id. ¶ 7.] BODI says it did

18  not agree to provide a supplemental response simply so Informatica could review it and then

19  file this motion anyway. Rather, says BODI, the agreement was that BODI's production of

20  the supplemental response would resolve all disputed issues. [Docket No. 201 ¶ 5, 9.]

21         This Court is not in a position to enforce agreements over which the parties now

22  disagree. It can only apply the law to the facts in this case, and therefore declines to base its

23  decision on any putative agreement between the parties.  The legal and factual analysis

24  follows.

25                                    **Analysis**

26         The question before this Court is the scope of the waiver of privilege by BODI after it

27  asserted an advice-of-counsel defense.

28

1  Federal Circuit law, rather than the law of the regional circuit, applies to substantive
2  legal issues in a patent case.

4  In this petition, we apply our own law, rather than the law of the regional circuit. This
   case involves the extent to which a party waives its attorney-client privilege and work-
5  product immunity when it asserts the advice-of-counsel defense in response to a
   charge of willful patent infringement. "Federal Circuit law applies when deciding
6  whether particular written or other materials are discoverable in a patent case, if
   those materials relate to an issue of substantive patent law."

8  *In re EchoStar,* 448 F.3d at1298.

10  In the underlying case, TiVo sued EchoStar for infringement of its U.S. Patent No.
11  6,233,389 ("the '389 patent"). In response to the allegation of willful infringement, EchoStar
12  asserted the defense of reliance on advice of counsel. Prior to filing the action, EchoStar
13  relied on advice of in-house counsel. After the action was filed, EchoStar obtained additional
14  legal advice from Merchant & Gould but elected not to rely on it. Presumably to explore
15  further EchoStar's state of mind in determining that it did not infringe the patent, TiVo sought
16  production of documents in the possession of EchoStar and Merchant & Gould.

18  The district court ultimately found waiver of immunity for all work product of Merchant
19  and Gould, both pre and post-filing of the complaint, whether or not communicated to
20  EchoStar. Echostar petitioned the Federal Circuit for a writ of mandamus with respect to
21  Merchant and Gould documents not communicated to EchoStar. No in-house counsel
22  documents were at issue.

24  Questions of privilege and discoverability that arise from assertion of the advice-of-
25  counsel defense necessarily involve issues of substantive patent law, *see In re Spalding*
26  *Sports Worldwide, Inc.*, 203 F.3d 800, 803-04 (Fed.Cir.2000) (applying Federal Circuit law to
27  question of attorney-client privilege between patent attorney and patentee). *Id.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        The attorney-client privilege protects disclosure of communications between a client

and his attorney. *U.S. v. Zolin*, 491 U.S. 554, 562 (1989); *Upjohn Co. v. U.S.*, 449 U.S. 383,

389 (1981). Once a party announces that it will rely on advice of counsel, for example, in

response to an assertion of willful infringement, the attorney-client privilege is waived. "The

widely applied standard for determining the scope of a waiver of attorney-client privilege is

that the waiver applies to all other communications relating to the same subject matter." *Fort

James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed.Cir. 2005). Cited in *In re EchoStar*,

448 F.3d at 1298 -1299.

        In contrast to the attorney-client privilege, the work-product doctrine, or work-product

immunity as it is also called, can protect "documents and tangible things" prepared in

anticipation of litigation that are both non-privileged and relevant. Fed.R.Civ.P. 26(b)(3).

Unlike the attorney-client privilege, which protects all communication whether written or oral,

work-product immunity protects documents and tangible things, such as memorandums,

letters, and e-mails. The work-product immunity promotes a fair and efficient adversarial

system by protecting "the attorney's thought processes and legal recommendations" from

the prying eyes of his or her opponent.  *In re EchoStar,* 448 F.3d at 1301.

        A party may discover work product if the other party waives its immunity. However,

work product waiver is not a broad waiver of all work product related to the same subject

matter like the attorney-client privilege. Instead, work-product waiver only extends to

"factual" or "non-opinion" work product concerning the same subject matter as the disclosed

work product. *Id.* at 1302 (internal citations omitted).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

When a party relies on the advice of counsel as a defense to willful infringement the party waives its attorney-client privilege for all communications between the attorney and client, including any documentary communications such as opinion letters and memoranda. *Id.* (*citing AKEVA LLC*, 243 F.Supp.2d at 423.

The court in *Echostar* recognized at least three categories of work product that are potentially relevant to the advice-of-counsel defense: (1) documents that embody a communication between the attorney and client concerning the subject matter of the case, such as a traditional opinion letter; (2) documents analyzing the law, facts, trial strategy, and so forth that reflect the attorney's mental impressions but were not given to the client; and (3) documents that discuss a communication between attorney and client concerning the subject matter of the case but are not themselves communications to or from the client. The court concluded that waiver extends to the first and third categories but not to the second. *In re Echostar,* 448 F3d at 1303.

The court in *Echostar* found that the relevant inquiry is not into the attorneys's files, but into the infringer's state of mind:

> Work-product waiver extends only so far as to inform the court of the infringer's state of mind. Counsel's opinion is not important for its legal correctness. It is important to the inquiry whether it is "thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed, or unenforceable." It is what the alleged infringer knew or believed, and by contradistinction not what other items counsel may have prepared but did not communicate to the client, that informs the court of an infringer's willfulness.

*In re EchoStar,* 448 F.3d at 1303 (internal citation omitted)

Where there is an allegation of continuing infringement, waiver may extend to post-filing work product as well, if it is communicated to the client.

United States District Court

For the Northern District of California

1
2
3
4

> EchoStar contends that waiver of opinions does not extend to advice and work product given after litigation began. While this may be true when the work product is never communicated to the client, it is not the case when the advice is relevant to ongoing willful infringement, so long as that ongoing infringement is at issue in the litigation.

5

See *AKEVA LLC*, 243 F.Supp.2d at 423 ("[O]nce a party asserts the defense of advice of

6

counsel, this opens to inspection the advice received during the entire course of the alleged

7

infringement.") *In re EchoStar*, 448 F.3d at 1303.

8

In the case at bar, Informatica alleges that BODI continues to infringe Informatica's

9
10

patents (Complaint at paragraphs 13, 15, 17, 18, 20, 24, 25, 27, 29 and 31.)

11

**Conclusion and Order**

12

This Court, after weighing all the persuasive authority, concludes that the Federal

13

Circuit has the final word in a patent case on the subject of the scope of waiver of attorney-

14

client privilege and the work product protection for discovery relevant to a substantive issue

15

after assertion of the advice-of-counsel defense. The court in *Echostar* makes it crystal clear

16

that attorney-client communications on the subject of the opinion BODI relies on for its

17

defense are subject to waiver, as well as documents, including work product, which

18

reference these communications. Similarly, both pre- and post-filing work product is

19

potentially relevant to the alleged infringer's intent where there is an allegation of continuing

20

infringement and are therefore also subject to waiver. However, only work product which

21

has either been communicated to the alleged infringer or refers to communications is

22
23

relevant to intent and therefore subject to waiver by assertion of the advice-of-counsel

24

defense.

25

This Court finds that, according to the analysis in *Echostar*, what is significant is the

26
27

state of mind of BODI and not the affiliation of BODI's attorneys, and that privilege has been

28

waived with respect to pertinent communications and work product of all counsel in this

case. Attorney legal opinions, impressions and trial strategy unrelated to the opinion on

which BODI relies may be redacted from documents to be produced to Informatica. The

Federal Circuit in *Echostar* cautioned that the parties should protect such information.

> Still, we must emphasize that such communications may contain work product of the second kind-legal analysis that was not communicated. In those situations, the parties should take special care to redact such information, and if necessary the district court may review such material in camera.

*In re EchoStar,* 448 F.3d at1304.

While opinion counsel and trial counsel can be walled off from each other, the

immurement is immaterial – what matters, according to the decision by the Federal Circuit

in *Echostar*, is the state of mind of BODI.

For all the above reasons, Informatica's motion to compel furher responses from

BODI is granted. This Court finds that, by asserting advice of counsel as a defense to a

charge of willful infringement of Informatica's patents, BODI waived privilege for both pre-

and post-filing pertinent attorney-client communications and work product. Under the

analysis in *Echostar*, it is immaterial whether BODI's opinion counsel and trial counsel are

from the same firm, different firms or are even the same person. What matters is that:

1. BODI relies on advice of counsel as a defense to Informatica's charge that it

willfully infringed Informatica's patents;

2. Therefore, BODI waives privilege for communications with counsel on the subject

of the opinion or advice on which it relies as well as work product on that subject

communicated to BODI or which refers to communications on that subject;

3. Informatica alleges that BODI continues to infringe Informatica's patents;

4. Therefore Informatica is entitled to information subject to waiver which BODI received even after Informatica filed its complaint;

5. The categories of information which BODI must turn over to Informatica include (a) attorney-client communications with any counsel on the subject of the opinion or advice on which BODI relies; (b) work product communicated to BODI on that same subject; (c) work product which reflects any communication on that subject.

Attorney legal opinions, impressions and trial strategy unrelated to the opinion on which BODI relies may be redacted from documents to be produced to Informatica.

All responsive discovery which is being withheld as privileged for which privilege has been waived as discussed above shall be produced within twenty days of the e-filing of this order. BODI shall at the same time produce a privilege log for all other withheld documents, in compliance with the decision in *In re Grand Jury Investigation, 974 F.2d 1068, 1070 (9th Cir. 1992), citing Dole v. Milonas, 889 F.2d 885, 888 n. 3, 890 ( 9th Cir.1989).*

IT IS SO ORDERED.

DATED: July 14,  2006

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\02-3378\ord-GIP-187-FINAL-short.wpd