**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INFORMATICA CORPORATION, a
Delaware Corporation,

    Plaintiff,

v.

BUSINESS OBJECTS DATA
INTEGRATION, INC., formerly known as
ACTA TECHNOLOGY, INC., a Delaware
Corporation,

    Defendants.

AND RELATED COUNTERCLAIMS.
                                    /

No. C 02-3378 JSW

**ORDER DENYING
DEFENDANTS' OBJECTIONS
AND AFFIRMING THE
DISCOVERY ORDER**

       Now before the Court is the objection filed by Defendant Business Objects Data Integration, Inc. ("BODI"), formerly known as Acta Technology, Inc., ("ACTA"), to the order issued by Chief Magistrate Judge James Larson dated July 14, 2006 granting in part and denying in part a motion filed by Plaintiff Informatica Corporation ("Informatica") (the "Discovery Order"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES Defendants' objections and AFFIRMS the Discovery Order.

       The District Court may modify or set aside any portion of a magistrate's ruling on non-dispositive pre-trial motions found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also, e.g., Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). A ruling is clearly erroneous if the reviewing court, after considering the evidence, is left

with the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

The discovery dispute at issue concerns the scope of the waiver when a defendant relies on advice of counsel to defend against allegations of willful infringement. In November 2000, ACTA hired attorney Phil Albert with Townsend and Townsend and Crew LLP ("Townsend") to advise it regarding several Informatica patents. Mr. Albert provided his written opinions on June 27, 2002. On July 15, 2002, Informatica filed this instant lawsuit against ACTA. BODI acquired ACTA on August 26, 2002. BODI had used Daniel J. Furniss with Townsend as its patent litigation counsel since 1996. After purchasing ACTA, BODI asked Mr. Furniss to represent BODI in the instant lawsuit. Since communicating his opinions in June 2002, Mr. Albert has had three conversations on background issues with trial counsel at Townsend, the last of which occurred on November 14, 2002. After this Court issued its claim construction ruling in August 2005, BODI asked Bruce Riter, an attorney who is not affiliated with Townsend, to provide further opinions in light of the claim construction order. BODI represents that it has produced all communications and work product by Mr. Albert and Mr. Riter pertaining to their respective opinions, but has refused to produce communications or work product by trial counsel at Townsend.

In the Discovery Order, Judge Larson held that BODI waived attorney-client privilege for both pre- and post-filing communications on the subject of the opinion on which BODI relies for its advice-of-counsel defense and for work product on the same subject which was communicated to BODI, including any documents which reference any attorney-client communications on that subjection. Judge Larson further held that the waiver applied to opinion counsel and trial counsel alike. BODI objects to the Discovery Order, arguing that Judge Larson erred by applying the waiver to its trial counsel.

This Court must apply Federal Circuit law to this discovery dispute. *See In re EchoStar Communications Corp.*, 448 F.3d 1294, 1298 (Fed. Cir. 2006) (quoting *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 265 F.3d 1294, 1307 (Fed. Cir. 2001) ("Federal Circuit law applies when deciding whether particular written or other materials are discoverable in a

patent case, if those materials relate to an issue of substantive patent law.")).  Where a party announces that it will rely on advice of counsel in response to an assertion of willful infringement, it waives the attorney-client privilege.  *In re EchoStar*, 448 F.3d at 1299.  The dispute here concerns the scope of this waiver.

In *In re EchoStar*, the defendant produced an opinion from in-house counsel, but withheld an opinion from outside counsel on which EchoStar chose not to rely.  The Federal Circuit held that "when EchoStar chose to rely on the advice of in-house counsel, it waived the attorney-client privilege with regard to any attorney-client communications relating to the same subject matter, including communications with counsel other than in-house counsel ...." *Id*. at 1399 (citing *Akeva LLC v. Mizuno Corp.*, 243 F. Supp. 2d 418, 423 (M.D.N.C. 2003)).  The court reasoned that "selective waiver of the privilege may lead to the inequitable result that the waiving party could waive its privilege for favorable advice while asserting its privilege on unfavorable advice." *Id*. at 1301.  To prevent such abuse, the court held that "when a party defends its action by disclosing an attorney-client communication, it waives the attorney-client privilege as to all such communications regarding the same subject matter." *Id*.

> As authority for its holding, the Federal Circuit cited *Akeva*, which held that
>
> because infringement is a continuing activity, the requirement to exercise due care and seek and receive advice is a continuing duty.  Therefore, once a party asserts the defense of advice of counsel, this opens to inspection the advice received during the entire course of the alleged infringement.  Consequently, the waiver of attorney-client privilege or work product protection covers all points of time, including up through trial.  The waiver also is not limited to the advice given by opinion counsel.  Since the waiver encompassed the subject matter of advice, that means that all opinions received by the client must be revealed, even those opinions that the client receives from attorneys other than opinion counsel. ... The totality of the circumstances test requires that all knowledge gained by the infringer relating to the advice subject matter must be revealed so that the factfinder can make its own determination as to whether the reliance was reasonable.

*Akeva*, 243 F. Supp. 2d at 423.  In *Akeva*, the court found that the defendants waived the attorney-client privilege with respect to the issue of infringement, and therefore required the defendants to disclose "all opinions received by the client relating to infringement ..., even if they [came] from defendants' trial attorneys, and even if they pre-date[d] or post-date[d] the advice letter of opinion counsel." *Id*.

3

The holding of *In re EchoStar*, especially when it is considered in light of the *Akeva* case, does not provide any support for BODI's proposed limitation on the scope of the waiver to exclude opinions or advice given by trial counsel on the same subject matter of the opinion given by Mr. Albert. Accordingly, the Court finds that Judge Larson's ruling was not clearly erroneous or contrary to law. Therefore, this Court denies Defendants' objections and affirms the Discovery Order dated July 14, 2006.

Nevertheless, this Order should not be construed to require the wholesale disclosure of communications pertaining to trial or litigation strategy. As the court explained in *Concolve, Inc. v. Compaq Computer Corp.*, 224 F.R.D. 98, 105 (S.D.N.Y. 2004), "trial counsel's advice that undermines the reasonableness of the client's reliance on advice of counsel must be disclosed even if it is communicated in the context of trial preparation. But, at the same time, trial counsel will surely address with the client trial strategy concerning validity, infringement, and enforcement in ways that do not implicate the advice-of-counsel defense." BODI therefore is required to disclose trial counsel's opinions or advice that address the subject matter of the opinion given by Mr. Albert, but may withhold communications that relate to litigation or trial strategy and do not implicate the advice-of-counsel defense. Thus, as Magistrate Judge Larson ordered, "[a]ttorney legal opinions, impressions and trial strategy unrelated to the opinion on which BODI relies may be redacted from documents to be produced to Informatica."

BODI is directed to produce all responsive documents and a privilege log in compliance with the Discovery Order by no later than 9:00 a.m. on Friday, August 11, 2006.

**IT IS SO ORDERED.**

Dated: August 9, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE