IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFORMATICA CORPORATION, a Delaware Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>BUSINESS OBJECTS DATA INTEGRATION, INC., formerly known as ACTA TECHNOLOGY, INC., a Delaware Corporation,<br><br>    Defendant.<br>_____/ | No. C 02-03378 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 29, 2006:

The Court **RESERVES RULING** on the cross-motions for summary judgment filed by plaintiff Informatica Corporation ("Informatica") and defendant Business Objects Data Integration, Inc. ("BODI"), formerly known as Acta Technology, Inc., based on the existence of genuine issues of material fact. The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument

or additional briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party will have twenty-five minutes to address the following questions:

(1) Does Informatica dispute that BODI cannot be liable for contributory infringement if its Data Integrator product has a substantial non-infringing use?  If so, based on Informatica's expert's testimony that customers may use Data Integrator without creating Embedded Data Flows ("EDFs"), on what basis, if any, does Informatica contend that BODI may be liable for contributory infringement as to the '670, '775, or '990 patents?

(2) BODI moves for summary judgment on the grounds that there is no evidence of direct, contributory or induced infringement for any of the four patents at issue.  In its opposition to BODI's motion, Informatica argues and submits evidence regarding direct and induced infringement of the '670 patent.  (*See* Informatica's Opp. at 25-27).  What evidence in the record supports Informatica's opposition to BODI's motion as to direct, contributory and induced infringement with respect to the '775, '990, or '374 patents?

(3) How does Informatica respond to BODI's argument that the document Informatica relies on to show direct infringement, Exhibit 36 to the Schumman Declaration, does not instruct a reader to select an EDF, reuse it in a new dataflow, or map it to source and target tables?  (*See* BODI Reply at 12.)  What other evidence of direct infringement, if any, is in the record with respect to the '670 patent?

(4) In its reply brief, Informatica argues that "the Transforms, and the EDF's that make them reusable, are the components for processing data in the Data Integrator."  (*See* Informatica Reply at 4.)

  (a) Has the Court correctly construed Informatica's argument as what component(s) process and transform data in the accused product?  If so, how does BODI respond to this argument?

  (b) Did Informatica present this theory in its Final Infringement Contentions ("FICs")?  If so, where?  If it did not, why should Informatica not be barred under the Local Patent Rules from asserting this theory now?

2

(5) How does Informatica respond to BODI's argument that substantial portions of the Declaration of David McGoveran in Support of Informatica's Reply brief raise theories that were not disclosed in Informatica's FICs? Why should Informatica not be barred from relying on theories supported by this declaration that were not disclosed in its FICs?

(6) How does Informatica respond to BODI's argument in its reply brief that Informatica reads out the claims' structural limitations of components and/or software binary files that actually process data with respect to the '670, '775 and '990 patents? (*See* BODI's Reply at 8.)

(7) BODI argues in the alternative that, if the Court finds that the accused product infringes the '670, '775 and '990 patents, then there is prior art that invalidates these patents.

　　(a) In making this argument, how is BODI defining transformation object and transformation component and exactly what does BODI contend comprise the transformation object and transformation component in the Data Integrator? Are these definitions consistent with the Court's construction of these terms?

　　(b) In making this argument, exactly what does BODI contend is the definition of input and output ports and what are the input and output ports in the Data Integrator? Are these definitions consistent with the Court's construction of the term "port"?

(8) Both parties use the term "local repository" in connection with their arguments about the '374 patent. This term does appear in the '374 patent? How are the parties defining this term?

(9) BODI relies on *CIAS, Inc. v. Alliance Gaming Corp.*, 424 F. Supp. 2d 678, 687 (S.D.N.Y. 2006) to argue that "comprised of" is a limiting term meaning "including and limited to." What authority, if any, does Informatica rely on to argue that "comprised of" may be construed to mean "including but not limited to"?

(10) Was Informatica's theory that the local repository and the data mart may be in the *same* database raised in its FICs?

1  (11) What, if any, evidence in the record does Informatica rely on to demonstrate that BODI
2       directly infringes claim 7 of the '374 patent?
3  (12) What, if any, evidence in the record does Informatica rely on to demonstrate that BODI
4       teaches customers to store both a local repository and a data mart in the same database?
5  (13) Do the parties have anything further to add?

Dated: September 28, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE