IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INFORMATICA CORPORATION, a
Delaware Corporation,

    Plaintiff,

v.

BUSINESS OBJECTS DATA
INTEGRATION, INC., formerly known as
ACTA TECHNOLOGY, INC., a Delaware
Corporation,

    Defendant.

AND RELATED COUNTERCLAIMS.
_____/

No. C 02-3378 JSW

**ORDER RE CROSS-MOTIONS
FOR SUMMARY JUDGMENT**

    Now before the Court are the cross-motions for summary judgment filed by plaintiff Informatica Corporation ("Informatica") and defendant Business Objects Data Integration, Inc. ("BODI"), formerly known as Acta Technology, Inc. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby denies in part and grants in part the motion filed by BODI and denies the motion filed by Informatica. There are four patents at issue in this case, United States Patent Nos. 6,014,670 ("the '670 patent") and 6,339,775 B1 ("the '775 patent"),[1] both entitled "Apparatus and Method for Performing Data Transformations in Data Warehousing," United States Patent No. 6,208,990 B1 ("the '990 patent") entitled "Method and Architecture For Automated Optimization of ETL Throughput in Data Warehousing Applications," and United States Patent No. 6,044,374 ("the

---

[1] The '775 is a continuation-in-part of and claims the benefit of application Ser. No. 08/966,449, which designated the '670 patent.

'374 patent")

entitled "Method and Apparatus for Sharing Metadata Between Multiple Data Marts Through Object References."

## BACKGROUND

Informatica and BODI are competitors in the field of business analytics software, which enables enterprises to automate integration, analysis and delivery of key data. Informatica designs and markets software that enables its customers to transform and update data within various data warehouses and data marts, and to share data among enterprise constituencies. BODI designs and markets a real-time data integration platform that intelligently manages and optimizes the performance of an enterprise's data infrastructure.

Informatica filed this suit alleging BODI infringes the '670, '775, '990, and '374 patents. In addition to denying it infringes, BODI asserted counterclaims of patent invalidity, unenforceability, and non-infringement.

The first two patents, the '670 patent and the '775 patent, claim an apparatus and method for transforming data in data warehousing applications. The patents additionally disclose a functional specification for a transformation description language, which describes how data is to be manipulated in a data warehousing application. During the claim construction proceedings, the parties agreed that a data warehousing application is software that extracts, transforms and loads data into one or more databases, where the data is useful for decision support, usually across an enterprise. The '990 patent pertains to an apparatus and method for automating optimal throughput of the data extraction/transformation/loading ("ETL") process in data warehousing applications. Finally, the '374 patent relates to a method and apparatus for sharing metadata between multiple data marts through the use of object references. The parties agreed during the claim construction proceedings on the following terms: (1) "metadata" is "data about data;" (2) a "data mart application" is "software that extracts, transforms and loads data into one or more databases, where the database(s) contain a subset of corporate data useful for decision support of an aspect of a business;" and (3) "repository" is "an abstraction for a database."

The Court issued an order construing the following terms: (1) "port" in the '670 patent to mean "an abstraction for describing the inputs and/or outputs of sources, targets or transformation objects;" (2) "transformation object" in the '670 and '775 patents to mean: "a reusable component for processing data according to predefined instructions;" (3) "transformation component" in the '990 patent to mean: "A transformation component is the same as a transformation object, which is a software binary file acting as an individual unit that possesses built-in autonomy and encapsulates the functionalities of a transformation;"(4) "data mart" in the '374 patent to mean: "An analytical database containing a subset of corporate information useful for decision support for an aspect of a business;" and (5) "reference" in the '374 patent to mean: "A reference represents an abstraction for pointing to the contents of a shared folder within the same repository or in the global data mart repository."

The Court will address the additional specific facts as required in the analysis.

## ANALYSIS

**A.     Legal Standard on Summary Judgment.**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Union States Gypsum Co. v. Nat'l Gypsum Co.*, 74 F.3d 1209, 1212 (Fed. Cir. 1996). The burden of demonstrating the absence of any genuine issue of material fact rests with the moving party. *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985). In order to defeat summary judgment, the non-moving party must do "more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(2); *Matsushita Elec.*, 475 U.S. at 587.

**B.     Cross-Motions for Summary Judgment.**

    **A.     Infringement.**

Both parties now move for summary judgment on the issue of infringement. BODI argues that Informatica does not have any evidence of direct, contributory or induced infringement for any of the four patents-at-issue. Informatica only affirmatively moves for

summary judgment on the issue of infringement with respect to the '670 patent.

At the hearing on the parties' cross-motions, Informatica confirmed that it is not moving on the basis of contributory infringement for any of the patents and that it does not have any evidence that BODI has directly infringed the '374 patent. Accordingly, the Court grants BODI's motion on the issues of contributory infringement for all four of the patents-in-suit and of direct infringement of the '374 patent.

### 1. The '670, '775 or '990 Patents.

With respect to direct infringement and induced infringement, the Court finds that Informatica submitted evidence that creates a question of fact as to whether BODI has infringed, or induced its customers to infringe, the '670, '775 or '990 patents. The Court further finds that although the evidence submitted by Informatica is sufficient to show there is a question of fact with respect to whether BODI infringes or induces infringement and thus precludes summary judgment in BODI's favor, the evidence is insufficient to warrant summary judgment in Informatica's favor on the '670 patent. Although a reasonable juror could conclude based on the evidence in the record that BODI has infringed or induced its customers to infringe, a reasonable juror could also come to the opposite conclusion. Therefore, the Court cannot find that Informatica would be entitled to a directed verdict if the evidence in the record went uncontroverted at trial. *See* Wang Laboratories, Inc. v. Toshiba Corp. 993 F.2d 858, 869 (Fed. Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)) ("the standard for summary judgment is virtually the same as that for a directed verdict, viz., that 'there can be but one reasonable conclusion as to the verdict'"). Accordingly, the Court denies BODI's motion as to direct and induced infringement on the '670, '775 and '990 patents and denies Informatica's motion as to infringement on the '670 patent.[2]

---

[2] BODI filed objections to evidence submitted by Informatica in support of its reply and Informatica seeks to file supplemental evidence in opposition to BODI's motion on the issue of infringement. Because the Court finds that there is sufficient evidence in the record to create a genuine issue of material fact precluding summary judgment for either party on this issue, the Court need not consider the evidence subject to these objections or request. Accordingly, the Court declines to rule on these evidentiary objections and denies Informatica's request to file the supplemental declaration, as well as the request to file the declaration under seal, as moot.

4

### 2. The '374 Patent.

BODI moves for summary judgment on the grounds that Informatica has no evidence BODI induced infringement of the '374 patent. Section 271(b) of the Patent Act provides that "whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To prove that a defendant has induced infringement, a plaintiff must demonstrate "first that there has been direct infringement ... and ... second, that the alleged infringer knowingly induced infringement ...." *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) (internal quotes and citation omitted).

Informatica only asserts one claim in the '374 patent, claim 7, which requires in pertinent part, "creating a second database comprised of a data mart." According to BODI, Informatica contends that the local repositories created by BODI's customers when using BODI's Data Integrator product are the "second database" and that the local repositories store metadata as opposed to the transformed data in the "data mart." In its opposition, Informatica did not challenge any of these arguments.

The parties dispute whether the claim language "comprised of" means "including but not limited to" or "including and limited to." BODI argues that this term should be given the more limited construction and thus, the second database in claim 7 would be the data mart, and only the data mart. Informatica counters that this term should be construed more broadly, and thus, the second database in claim 7 could include both a data mart and a local repository. The Court need not determine whether "comprised of" should be construed narrowly because even under the broader construction, Informatica has not submitted any evidence demonstrating that BODI's customers have used Data Integrator in an infringing manner by, at the very least, creating a data mart and local repository in one database.

BODI submits evidence demonstrating that its customers always set up their local repositories and data marts as separate databases and that BODI "does not teach its customers to use a data mart as a local repository or to place a data mart in a local repository." (Declaration of Awez Syed in Support of BODI's Motion, ¶ 27.) In response, Informatica submits evidence demonstrating that the second database *can* include both the local repository and data mart and

5

that there are several reasons why a customer may do so. (Declaration of David McGoveran in Support of Informatica's Opposition ("Opp. McGoveran Decl."), ¶ 96.)[3] Informatica further demonstrates that BODI instructs its customers to create a local repository within an existing shared database and instructs its customers to install a local repository and target data mart on the same computer. (Opp. McGoveran Decl., ¶ 96, citing Declaration of David Schumann ("Schumann Decl."), Ex. 51.)[4] Informatica has not submitted any evidence demonstrating that BODI instructs its customers to create a local repository and a data mart within the same database. Nor does Informatica present any evidence that any of BODI's customers actually created a database which contains both a local repository and a data mart. Therefore, the Court finds that Informatica fails to demonstrate the existence of a genuine issue of material fact as to whether any customers directly infringed the '374 patent. Without any evidence of direct infringement by BODI's customers, Informatica's claim for induced infringement fails. *See MEMC*, 420 F.3d at 1378. Accordingly, the Court grants BODI's motion on the issue of induced infringement of the '374 patent.[5]

**B.    Validity.**

Informatica moves for summary judgment on the grounds of validity, arguing that BODI does not have evidence demonstrating that prior art meets the requirements of the claims of the '670, '775, and '990 patents as construed by this Court in the claims construction order. BODI counters that Informatica is attempting to redefine certain terms in the patents and that based on

---

[3] Informatica argues that "[s]ince BODI teaches that the local repository can be part of a larger database and should be on the same machine as the target data mart, *users would naturally combine the two in a single database*" and cites paragraph 96 of McGoveran's Declaration in support of this proposition. (Informatica Opp. at 22) (emphasis added.) However, McGoveran merely states that "users of an ETL product like Data Integrator can create the local repository and data mart in the same database. There are several reasons that users may do so ...." (Opp. McGoveran Decl., ¶ 96.)

[4] Informatica argues that "users would often install both the local repository and the target data mart on the same database, as BODI teaches." (Informatica Opp. at 23.) However, BODI merely instructs its customer to install a local repository "on either the same computer as the Data Integrator Job Server or the same *computer* as the target data warehouse" not *database*. (Schumman Decl., Ex. 51 at 25) (emphasis added).

[5] Because the Court is granting BODI's motion with respect to the '374 patent on the issue of infringement, the Court need not address BODI's independent grounds for summary judgment based on alleged inequitable conduct.

6

Informatica's proposed construction under which it alleges BODI infringes, prior art invalidates the patents-at-issue. The Court concludes that BODI presents evidence demonstrating the existence of a question of fact as to whether the prior art invalidates the '670, '775 and '990 patents under the Court's construction of the terms in its claims construction order. Accordingly, the Court denies Informatica's motion on this ground.

## CONCLUSION

For the foregoing reasons, the Court DENIES Informatica's motion for partial summary judgment and GRANTS IN PART and DENIES IN PART BODI's cross-motion for summary judgment as follows:

(1) The Court GRANTS BODI's motion on the issue of contributory infringement as to all four patents-at-issue and on direct and induced infringement of the '374 patent; and

(2) The Court DENIES BODI's motion on the issue of direct and induced infringement of the '670, '775, and '990 patents.

The parties are ORDERED to submit a joint statement within ten days of the date of this Order informing the Court as to whether they agree to have this matter heard by a magistrate judge. If the parties seek to have this case heard by a specific magistrate judge, they should so specify in their statement.

**IT IS SO ORDERED.**

Dated: October 11, 2006

*Jeffrey S. White*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE