United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INFORMATICA CORPORATION

Plaintiff,

v.

BUSINESS OBJECTS DATA INTEGRATION, INC.

Defendant.

_______________________________________/

No. C 02-03378 EDL

ORDER FOLLOWING FEBRUARY 20, 2007 PRETRIAL CONFERENCE; ORDER ON MOTIONS IN LIMINE

On February 20, 2007, the Court held a pretrial conference and heard the parties on Plaintiff's Motions in Limine, Defendant's Motions in Limine, and Defendant's Daubert motion. Having considered the papers and argument of counsel, the Court orders as follows:

**I. Trial Management**

The trial will commence on March 12, 2007, and will be conducted from 8:30 a.m. to 1:30 p.m., Monday through Friday, with two fifteen-minute breaks each day. The parties will appear by 8:00 a.m. on each day of trial, to present issues for decision outside the jury's presence. During deliberation, the jury will determine its own schedule.

The parties having agreed, the Court will seat nine jurors, and the Court will allow each party to make up to four peremptory challenges during jury selection. The parties may conduct supplemental voir dire, up to thirty minutes per side. In light of Plaintiff's objection, the Court will not permit brief opening statement during voir dire, which was proposed during the pretrial conference.

The parties agree that interim arguments should be allowed. Each side shall have up to 30 minutes to use at its discretion, either before or after a witness concludes testimony, that is, not between direct and cross-examination. The 30 minutes for interim argument shall be counted against the party's 35 hours of total trial time.

Plaintiff has decided not to proceed on the '990 patent. Plaintiff has submitted a proposed order dismissing the '990 patent and related counterclaims. If the parties do not stipulate to a form of order, Defendant shall file its own proposed order by February 27, 2007.

At the commencement of trial, the parties shall provide the jurors with individual trial notebooks, which shall include a subset of the final jury instructions to be given also before the presentation of evidence to explain the basic elements of direct infringement and inducement. The parties shall meet and confer to stipulate to which instructions to give at the beginning, and provide the Court with the list of which instructions should be given at the outset by February 27, 2007. The parties shall also provide a photograph of each witness with his/her name on the day that the witness testifies, to be placed in the juror's notebooks, according to the method they agree upon.

The parties shall meet and confer to expand the glossary of terms to include undisputed case-specific terms, such as the various acronyms used in describing the products and technology at issue. This glossary shall be provided to the jurors at the commencement of trial. The parties shall provide the Court with the stipulated glossary of terms by noon, March 2, 2007.

The parties agree to show the jury a preliminary video by the Federal Judicial Center, An Introduction to the Patent System. The parties shall meet and confer on and file by February 27, 2007 their proposed version of Jury Instruction No. 15, to reflect that the video will be shown.

In light of the Court's rulings on the motions in limine, the withdrawal of the '990 patent, and other guidance provided at the Pretrial Conference, the parties shall further meet and confer and advise the Court by March 1, 2007, regarding narrowing their objections to trial exhibits and a revised claim chart in Defendant's proposed Jury Instruction No. 13. The proposed Jury Instruction No. 13 shall include all the constructions from the '670 and '775 patents.

On the issue of Plaintiff's computer-readable medium claims, Plaintiff shall file a short supplemental brief identifying the excerpts in its expert reports or depositions disclosing its infringement

United States District Court
For the Northern District of California

theory by February 23, 2007. Defendant shall file a short response by February 27, 2007. The parties shall also meet and confer on a proposed separate section of the proposed verdict form regarding § 271(f) and file one by February 27, 2007. Should the parties want to propose alternative jury instructions to the ones provided by the Court regarding interim deliberations, questions by jurors and communication with the Court, the parties shall meet and confer and file jointly proposed jury instructions by February 27, 2007.

**II. Plaintiff's Motions in Limine**

1. Plaintiff's Motion in Limine No. 1 to exclude evidence that BODI may introduce in defense of claims that it induces its customers to infringe.

For the reasons stated at the February 20, 2007 hearing, this motion is denied to the extent that Plaintiff seeks an exclusionary sanction or adverse inference instruction. The Court does not accept Plaintiff's contention that Defendant failed to comply with the Court's December 2, 2003 discovery order to justify such sanctions. The Court will, however, allow Plaintiff to obtain a reasonable number of specific, targeted Professional Services documents. The parties shall meet and confer immediately on Defendant's supplemental production of documents, which shall occur as soon as possible.

2. Plaintiff's Motion in Limine No. 2 to exclude Dr. Kelly's testimony regarding invalidity.

For the reasons stated at the February 20, 2007 hearing, this motion is denied. The Court has addressed the issue raised by Defendant regarding claim construction in its rulings on Defendant's Motions in Limine numbers One and Seven. These rulings should alleviate the perceived need for Dr. Kelly to testify based on alternative theories of the claim construction ruling. In any event, what matters ultimately is that the jury consistently apply the Court's claim construction to both infringement and invalidity. The parties may jointly propose a jury instruction to apply the claim construction uniformly to infringement and invalidity by February 27, 2007.

3. Plaintiff's Motion in Limine No. 3 to exclude Dr. Kelly's testimony regarding opinions not disclosed during discovery.

For the reasons stated at the February 20, 2007 hearing, this motion is denied. Plaintiff contends that Dr. Kelly raised new opinions and analyses in his August 25, 2006 declaration on the motions for summary judgment. Here, Plaintiff elected not to re-depose Dr. Kelly, and has not shown any prejudice

from the allegedly undisclosed opinions. As the Court advised the parties at the February 20, 2007 pretrial conference, however, the Court generally will exclude expert opinions that were not disclosed in reports or at least at deposition.

4. Plaintiff's Motion in Limine No. 4 to exclude identified trial exhibit (video tutorial).

For the reasons stated at the February 20, 2007 hearing, although Plaintiff has raised legitimate issues about whether Defendant can authenticate the video or establish sufficient foundation for its use for certain purposes, and it would be hearsay to the extent offered for the truth of the narration, this motion is denied without prejudice to raising the appropriate objection at trial. To the extent that the video relates to prior art, only those witnesses that Defendant has disclosed on the area of prior art may offer testimony to authenticate or lay a foundation for the video at trial.

5. Plaintiff's Motion in Limine No. 5 to exclude testimony of witnesses on untimely disclosed subject matters BODI intends to offer at trial.

For the reasons stated at the February 20, 2007 hearing, this motion is denied to the extent that Plaintiff seeks to exclude Mr. Syed from testifying about design arounds, or to otherwise preclude Defendant from relying on Mr. Syed's testimony. Plaintiff may conduct a short deposition of Mr. Syed, limited to the topic of design arounds.

6. Plaintiff's Motion in Limine No. 6 to limit argument or proof on advice of counsel defenses to opinions produced in compliance with Patent Local Rule 3-8.

Pursuant to stipulation of the parties during the February 20, 2007 hearing, this motion is granted to the extent that Defendant's trial counsel will not be a witness at trial, and Ms. Laprade will not testify regarding Defendant's reliance on the opinion of its trial counsel on the issues of willfulness and inducement of infringement. Ms. Laprade may testify as to what she knew from reading the patents herself and from her general knowledge in the field (which would not appear to include testimony on purported inequitable conduct to the extent that she learned of it after the alleged infringement began).

7. Plaintiff's Motion in Limine No. 7 to limit testimony of witnesses to identified prior art.

For the reasons stated at the February 20, 2007 hearing, this motion is granted. Defendant may rely on Sagent 1.0, which was disclosed in Dr. Kelly's report as prior art, but not on later versions of Sagent products which were not disclosed. (SAG1886 - SAG 1889; Trial Ex. 2344.) As the Court has

United States District Court
For the Northern District of California

advised the parties, lay witnesses may not testify on expert matters. This action involves sophisticated ETL technology, and the teachings of prior art would be difficult to discern without the aid of expert testimony. Defendant has identified two former Sagent employees who could testify how later versions of Sagent's products are similar to Sagent 1.0, but Defendant disclosed neither witness as an expert, and they are therefore limited to lay testimony. The Court advises the parties that lay witnesses will not be permitted to testify to issues that would normally be the subject of expert opinion, such as prior art in this advanced technological field or the availability of non-infringing alternatives, without first making an offer of proof.

8. Plaintiff's Motion in Limine No. 8 to exclude testimony and other evidence inconsistent with the Court's claim construction.

For the reasons stated at the February 20, 2007 hearing, this motion is granted without prejudice to reconsider Plaintiff's motion after evidence is presented. Although McGoveran's Rebuttal Report describes automatic propagation as a feature of the invention, Tadlock Opp. Decl., Ex. 47 at 38, the claims have not been construed to require automatic propagation, and neither party argued that the claims should be so construed. (Plaintiff clarified that its expert no longer intends to testify to that opinion.) Defendant may not, therefore, rely on the absence of automatic propagation to prove the availability of non-infringing alternatives in the ETL market because it is not a requirement of the patent.

9. Plaintiff's Motion in Limine No. 9 to exclude evidence of alleged inequitable conduct from the jury.

For the reasons stated at the February 20, 2007 hearing, this motion is granted to the extent that no evidence of inequitable conduct during the prosecution of the '374 patent shall be admitted, based on Fed. R. Evid. 402 and 403. As the parties stipulated, Ms. Laprade will not testify regarding Plaintiff's purported inequitable conduct with respect to the '670 or '775 patents based on what trial counsel told her about the prosecution history. In view of the overlap of evidence relevant to intent to induce infringement and willfulness, and Defendant's reliance on the advice of opinion counsel as a defense to both, the Court will try willfulness during the first phase of trial, bifurcating only the issue

of inequitable conduct. To the extent that evidence of inequitable conduct is separate from other issues, such evidence shall not be presented during the first phase of trial and shall be reserved for the Court.

**III. Defendant's Motions in Limine**

1. Defendant's Motion in Limine No. 1 to prohibit evidence or argument of any infringement theory that is either not disclosed in Informatica's Final Infringement Contentions or that violates the Court's Claim Construction Order.

For the reasons stated at the February 20, 2007 hearing, this motion is denied. The Court does not agree with Defendant that Plaintiff's position on infringement, properly understood, was inadequately disclosed or conflicts with the Court's claim construction of "transformation object" in the '670 and '775 patents. As Plaintiff has dismissed its claims related to the '990 patent, Defendant's objection to Plaintiff's theory of "transformation component" under the '990 patent is moot.

2. Defendant's Motion in Limine No. 2 to prohibit evidence or argument of inducement of infringement or willful infringement due to Informatica's substantial changes in infringement theories.

For the reasons stated at the February 20, 2007 hearing, this motion is denied. Any evolution in Plaintiff's position is not so severe or prejudicial as to justify such an exclusionary sanction, unlike, for example, in O2 Micro Int'l Ltd. v. Monolithic Power Sys, Inc., 467 F.3d 1355 (Fed. Cir. 2006). Any inconsistencies may be adequately addressed by cross-examination.

3. Defendant's Motion in Limine No. 3 to prohibit evidence or argument of infringement under the doctrine of equivalents.

Plaintiff does not oppose this motion. The motion is granted.

4. Defendant's Motion in Limine No. 4 to prohibit introduction of evidence or argument of Acta's or BODI's statements concerning the patents-in-suit or competition with Informatica in relation to products that did not contain the capability to create EDFs.

For the reasons stated at the February 20, 2007 hearing, this motion is denied. However, Defendant has raised potentially legitimate concerns about prejudice that may arise from admitting the November 2000 email from Mikhail Boz (PTX223), purportedly referring to Acta products that did not have the Embedded Data Flow ("EDF") feature. Defendant shall make an offer of proof, in the form

United States District Court
For the Northern District of California

of a declaration by Mr. Boz, by February 26, 2007. If the Court permits the email to be introduced, it will allow Mr. Boz to testify. Should Mr. Boz testify, Plaintiff will be permitted to conduct a very short (one hour) deposition of Mr. Boz. The parties shall notify the Court and opposing counsel whether Plaintiff still wishes to introduce the email and whether, if so, Defendant will call Mr. Boz as a witness and/or ask for a limiting instruction.

5. Defendant's Motion in Limine No. 5 to prohibit Informatica's expert, David McGoveran, from testifying concerning any alleged examples of direct infringement that are not specifically identified in his supplemental report:

For the reasons stated at the February 20, 2007 hearing, this motion is denied. Plaintiff agrees that his testimony regarding specific examples of direct infringement by customers will be limited to the four specific examples disclosed in his supplemental report.

6. Defendant's Motion in Limine No. 6 to limit Informatica's argument and evidence on damages for inducement of infringement to those sales of BODI products for which Informatica has proven direct infringement (infringing uses of the EDFs) by users of the product and limit argument and evidence on damages for direct infringement through BODI's testing of products to a reasonable royalty that is not based on BODI's sales of products:

For the reasons stated at the February 20, 2007 hearing, this motion is denied. Defendant concedes that circumstantial evidence is admissible to prove damages for inducement, and that even the cases on which it relies do not require a one-to-one correlation to prove damages, but contends that Plaintiff has offered no competent evidence to quantify infringement by customers. Plaintiff has specific evidence that at least two of Defendant's customers infringe, which the Court concludes offers more than proof that the products are merely capable of infringing, and has other evidence of encouragement through instructional materials, which is sufficient for present purposes.

7. Defendant's Motion in Limine No. 7 to prohibit Informatica from arguing a special definition of "reusable" in the Court's claim construction:

For the reasons stated at the February 20, 2007 hearing, this motion is denied. At claim construction, Plaintiff contended as follows: "For the transformation objects to be conveniently reusable

United States District Court
For the Northern District of California

in different mappings and ETL situations, the objects had standard or expected inputs (data of a particular type and meaning to process) and outputs (the particular type and meaning of the transformed data)." Pl's Opening Cl. Const. Br. at 6:11-14. Plaintiff further contended, "The written description also could hardly be clearer in referring to this feature as 'the reuse of transformation objects across multiple mappings.'" Id. at 12-13 (citing '670 Patent at 9:15-25). The Court adopted Plaintiff's proposed construction of "transformation object" over Defendant's narrower construction. See 8/02/2005 Claim Construction Ord. at 9-10. Similarly, in his rebuttal report, McGoveran stated that the patent requires "functional reuse .. . what must be reusable across dataflows is the specific transformation functionality and behavior provided by each transformation object." Tadlock Decl., Ex. 28 at 9. Plaintiff's use of the term "reusable," as presented at oral argument to mean functional reusability across dataflows, does not contradict the Court's claim construction.

8. Defendant's Motion in Limine No. 8 to prohibit introduction of evidence or argument concerning Sachin Chawla's work as a consultant for Informatica prior to the time Informatica contends the claimed inventions in the patents-in-suit were conceived:

For the reasons stated at the February 20, 2007 hearing, this motion is denied. However, Defendant has raised a legitimate concern about the potential for prejudice from any suggestion to the jury that Mr. Chawla while working for Plaintiff could have copied an idea for an invention that Plaintiff acknowledges had not yet been conceived, which would be improper. The parties shall meet and confer on a limiting instruction, and file the stipulated instruction by February 27, 2007.

9. Defendant's Daubert Motion

For the reasons stated at the February 20, 2007 hearing, this motion is granted in part to exclude O'Brien's testimony to the extent that he bases his calculation of a reasonable royalty rate on the assumption that the date of hypothetical negotiation was the date of filing suit, rather than the time of first infringement. Furthermore, Defendant has correctly raised the need for correction of certain calculations (though not a fundamental error in methodology of the kind requiring exclusion under Daubert) in Plaintiff's supplemental expert report, based on an error in Defendant's data. Defendant shall provide Plaintiff with accurate data by February 23, 2007. Plaintiff shall provide a revised expert

United States District Court
For the Northern District of California

analysis, limited to the revised data, by March 2, 2007. As to the other grounds asserted in Defendant's Daubert motion, the motion is denied.

This order disposes of Docket Nos. 369, 375, 377-382, 384, 386, 387.

IT IS SO ORDERED.

Dated: February 23, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge