UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INFORMATICA CORPORATION

    Plaintiff,

v.

BUSINESS OBJECTS DATA INTEGRATION, INC.

    Defendant.
_____/

No. C 02-03378 EDL

ORDER FOLLOWING MARCH 6, 2007 PRETRIAL CONFERENCE

On March 6, 2007, the Court held a pretrial conference and heard the parties on issues for trial. Having considered the papers and argument of counsel, the Court orders as follows:

**Trial Management**

The parties will prepare twelve juror notebooks, to be lodged with the Court by noon, March 9, 2007. The notebooks will include the stipulated glossary, the patents at issue, and the preliminary and patent instructions[1] (nos. 1-15A, 38-39, 42-48, including no. 42A re: willfulness), renumbered consecutively for the juror notebook.

Although Defendant raises a valid concern about maintaining the confidentiality of proprietary business information, Defendant has not demonstrated a compelling need to exclude the public from the trial proceedings. Defendant's request to seal the courtroom and/or the trial record is denied without prejudice.

---

[1] The copy of Instruction No. 13 in the notebook should omit the bracketed sentences and the sentence "A copy of these interpretations is included in your notebooks."

The parties have agreed to provide advance notice of witnesses and to make a good faith effort to disclose documentary exhibits on which the witness will be questioned, by 5 p.m. two days before the witness will be called. The parties may supplement their notice of documentary exhibits by 5 p.m. the day before the witness is called. The parties will disclose demonstratives for use in opening statements by 5 p.m., March 11, 2007.

Defendant's objection to allowing Plaintiff to refer to Mr. Boz' email during opening statement on the ground that it would be highly prejudicial is overruled, without prejudice to allowing Defendant to seek a limiting or clarifying instruction at trial. Plaintiff is precluded, however, from characterizing Mr. Boz' email as an admission of infringement during opening statement.

The parties agreed to use the Court's juror questionnaire, displayed on a chart, instead of their proposed voir dire questions to individual jurors.

The parties agree to allow Defendant to conduct a direct examination of Darren Cunningham when Plaintiff calls him, and will meet and confer as to other witnesses.

The parties agree to continue meeting and conferring on their respective objections to exhibits.

**Claim 31**

For the reasons stated at the March 6, 2007 pretrial conference and in this Order, Plaintiff may not assert a direct infringement theory based on Claim 31 of the '670 Patent. First, Plaintiff's expert did not disclose an opinion that Defendant infringed a computer-readable medium claim in his expert report (nor did he do so in deposition). See Fed. R. Civ. Proc. 26(a)(2)(B) ("The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions. . . .") Rather, he only briefly cross-referenced his opinion on Defendant's infringement of the method claims. Thus, the expert report only disclosed the opinion that users of Defendant's software commit direct infringement when they use it to create an EDF, which is not contained in the core product. Def. Opp. Brief re: Medium Claims at 9 (citing Artuz Decl., Ex A at 211). Further, he testified at deposition that he had no opinion one way or the

1 other when asked: "And as far as you know today, if a user of the accused products never creates an
2 EDF, then the user would not infringe any claim of the '670 Patent, is that correct?" Id. at 4-5
3 (citing Artuz Decl., Ex A at 209-210). Defendant argued in its papers and at the hearing that this
4 testimony that BODI customers only infringe when they create an EDF, not merely when they use
5 any aspect of BODI's software, is fundamentally inconsistent with any opinion that BODI's sale of
6 the product domestically inherently infringes. When the Court inquired of Plaintiff whether it
7 disputes this argument and contends to the contrary that it is possible that BODI's mere sale
8 infringes but its customers do not infringe unless they use the particular infringing method, Plaintiff
9 did not know. The failure to disclose in the expert report was not substantially justified and is
10 prejudicial.

11 Second, as a matter of claim construction, Plaintiff's proposed construction of Claim 30, on
12 which Claim 31 is dependent, would attribute functionality that is not present in the language of the
13 claim. Claim 30 reads:

> A computer readable medium having stored thereon instructions for causing a computer to modify data comprising
>     a   source for storing untransformed data . . .
>     a   plurality of transformation objects . . .
>     a   target for storing modified data . . .
>     a   mapping for directing a flow of data between ports corresponding to the source, one or more transformation objects which were selected from the plurality of transformation objects, and the target.

While Plaintiff argued in its brief that "comprising" applies to "causing a computer to modify data" (Pl's Support for Discl. Medium Claims at 4), that strained interpretation ignores the rest of the preamble. Rather, one of ordinary skill in the art, not to mention in the English language, would interpret "comprising" as applying to either "medium" or "instructions." The Court need not decide which because, under either interpretation, Claim 31 would not cover Defendant's software as shipped, before it is configured by a user to create an EDF.[2] Neither the medium (such as a compact disk on which the software is shipped) nor instructions stored thereon contain the "source," "plurality of transformation objects," "target," or "mapping" called for by the claim, preloaded in the software product. The claim does not include language referring to the medium or instructions

---

[2] Once so configured, a customer's hard drive could satisfy the medium claim. The preferred embodiment would not be excluded by this interpretation.

3

as "enabling a user to create," as comprising "steps" for achieving a dynamic process, nor does the claim state that the medium or the instructions permit the user to "specify" a source, or "select" a transformation object, or "create" a mapping, or the like. Cf. Eolas Techs., Inc. v. Microsoft Corp., 399 F.3d 1325, 1330 (Fed. Cir. 2005) (product claim covered "computer readable program code for causing" a client workstation to perform a function). The Court cannot supply those missing words, but must focus on the language of the claims. See Cross Medical Products v. Medtronic Sofamor Danek, 424 F.3d 1293, 1311 (Fed. Cir. 2005) (distinguishing Fantasy Sports Properties, Inc. v. SportsLine.com, Inc., 287 F.3d 1108 (Fed. Cir. 2002), and finding no direct infringement where the patent covering orthopedic surgical implants had a limitation which required "the anchor seat being in contact with the bone," which was not met until the screw and anchor were surgically put into place to contact the bone). See also Hewlett-Packard Co. v. Bausch & Lomb, Inc., 909 F.2d 1464, 1468 (Fed. Cir. 1990) ("Apparatus claims cover what a device is, not what a device does.") Unlike the accused product in Fantasy Sports, Defendant's software here does not come with a preloaded function that is complete in itself which the user may simply activate almost effortlessly in order to transform data. Rather, Defendant's customers must decide what data sources of their own (separate from Defendant's software) to extract data from, select the specific types of transformation that they wish to perform on the data (e.g., aggregate), choose where to send the transformed data, and save that specific combination as a unit so that it can be reused in another dataflow.

In light of Plaintiff's contention that it was not given sufficient opportunity to fully brief the claim construction issue, Plaintiff is granted leave to file a motion for reconsideration of this ruling by March 9, 2007. Defendant shall file a responsive brief by March 13, 2007.

**Obviousness**

For the reasons stated at the March 6, 2007 pretrial conference, Defendant is limited to the only prior art reference on obviousness properly disclosed in its expert report, namely the VMark Technical Note DataStage Architectural Overview.

**Indefiniteness**

For the reasons stated at the March 6, 2007 pretrial conference, the Court will not revisit Defendant's indefiniteness challenge to the claim term "port," which was raised and implicitly

rejected at claim construction.

**Consistent Claim Construction**

The parties have been reminded that the witnesses may not testify based on claim interpretations that are inconsistent with the Court's claim construction rulings.

**Non-Infringing Alternatives**

For the reasons stated at the March 6, 2007 pretrial conference, Plaintiff may not present undisclosed expert testimony or non-expert testimony as to the absence of non-infringing alternatives, as the invention and the technology at issue here is not so simple or elementary that a jury could infer infringement without the benefit of expert testimony.

Defendant's objection to allowing Plaintiff's proffered witness, Ron Papas, to testify at trial on other topics is overruled.

**Design-Arounds**

Following its deposition of Mr. Syed, Plaintiff objects to Defendant's design-around damages theory to the extent that it relies upon Mr. Syed's testimony that it would require more than simply turning off the EDF function, on the ground that such testimony constitutes improper expert testimony by a lay witness. Plaintiff may file the transcript from Mr. Syed's deposition transcript by March 8, 2007. Defendant may file a responsive brief by March 16, 2007.

**Data Production**

In compliance with the Court's Order on Motions in Limine, Defendant shall provide Plaintiff with corrected data by March 9, 2007.

**Jury Instructions**

The Court provided to the parties the Tentative Jury Instructions which were discussed and amended at the hearing. Following the parties' further meet and confer, Plaintiff shall file, as well as email in WordPerfect format to the Court's proposed order mailbox (edlpo@cand.uscourts.gov), the final, renumbered version of jury instructions by 12 noon, March 9, 2007. For the reasons stated at the March 6, 2007 pretrial conference, and as agreed to by the parties, the jury instructions shall be modified as follows:

1    References to Claim 31 of the '670 patent shall be removed from the instructions in light of
2    the Court's ruling excluding the computer-readable medium claims.
3    As both parties have stated their intent to present opening statements, Instruction No. 12
4    shall be modified to remove "A party is not required to make an opening statement" at lines 4-5.
5    The parties stipulate to adding the term "sequence transformation object" to the claim chart
6    at Instructions Nos. 13 and 36.
7    The parties shall meet and confer on the description of Acta's merger at Instruction No. 14
8    and revise the instruction by March 7, 2007.
9    The Court adopts Plaintiff's proposed language for the first paragraph of Instruction No. 35,
10   subject to Instructions Nos. 14 and 35 being modified to add "when used" to refer to the products.
11   Similarly, Instruction No. 39 shall be modified to refer to a product "that has been used to practice a
12   method."
13   Instruction No. 42 shall be modified at line 4 to refer to an act of direct infringement "by a
14   BODI customer," and the last sentence of that instruction shall be removed.
15   As to Instruction No. 42A, if the parties agree that Defendant had actual knowledge of the
16   patents at issue, the instruction should be modified to so state.
17   Instruction No. 45 shall be modified to refer to the "effective filing date" of the patent
18   applications.
19   Instruction No. 50 shall be modified at line 10 to refer to the patented "features of the
20   product" that BODI sells.
21   The Glossary at Instruction No. 61 shall be modified to correct the definition of "server."

**Verdict Form**

23   The Court provided the Tentative Verdict Form.  Defendant's request to separate the findings
24   on damages for direct and indirect inducement is denied without prejudice.
25   IT IS SO ORDERED.
26   Dated: March 8, 2007

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge