**United States District Court**
For the Northern District of California

1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8    INFORMATICA CORPORATION
9          Plaintiff,                    No. C 02-03378 EDL
10         v.                            ORDER GRANTING PLAINTIFF'S MOTION
                                         TO PROHIBIT DEFENDANT FROM ARGUING
11                                       CLAIM CONSTRUCTION TO THE JURY
     BUSINESS OBJECTS DATA
12   INTEGRATION, INC.
13         Defendant.
     _____/
14
15         Informatica ("INFA") has moved to prohibit Business Objects Data Integration, Inc.

16   ("BODI") from presenting evidence and argument on claim construction issues to the jury,

17   specifically regarding the interpretation of Claim 1 of the '670 patent.  That claim concerns a

18   "computer implemented method for transforming data in a data warehousing application, comprising

19   the steps of . . . storing metadata corresponding to a plurality of transformation objects, wherein the

20   transformation objects have at least one transformation object input port for accepting data and at

21   least one transformation object output port for outputting transformed data and particular

22   transformation objects transform data according to the metadata corresponding to that particular

23   transformation object."  '670 patent, col.19, l. 59 - col. 2, l.4.   Having considered the papers and the

24   argument of counsel, the Court grants INFA's motion.  Because INFA did not object to BODI's

25   opening statement, which referenced this theory, or make its own affirmative motion earlier to

26   preclude this theory, INFA may not argue to the jury or otherwise take advantage of BODI's failure

27   to introduce evidence on this point due to this ruling.

28

**United States District Court**
For the Northern District of California

1   Judge White adopted INFA's proposed construction of "transformation object" as: "A

2   reusable component for processing data according to predefined instructions." He rejected BODI's

3   narrower interpretation which was based, in part, on its argument that during the prosecution history,

4   INFA added limitations to overcome the prior art rejection. In particular, BODI unsuccessfully

5   relied on a portion of the prosecution history to support its proposed construction of "transformation

6   object" as requiring that each object have "'related metadata which defines how that particular

7   transformation object is to process incoming data.'" BODI's Resp. Cl. Const. Brief at 11 (quoting

8   5/26/99 Amendment and Response re Appl. No. 08/966,449).

9   BODI attempted to raise the same prosecution history regarding the May 1999 Amendment

10  in front of the jury during its cross-examination of INFA's infringement expert before the Court

11  sustained INFA's objection:

12      Q.   And here you'll see that after the claim was initially
13           rejected, what was added was the following lines -- well, first
             of all, "constructed" was taken out. And what was added was
14           "storing metadata corresponding to a plurality of" -- well,
             "if", "of", and "transformation" was there before. "And
15           wherein the transformations objects have" -- and some things
             were added, and the words "particular transformations," and
16           "particular" was added, "transformed data", "according to the
             metadata corresponding to that particular transformation
17           object".
             Do you see that?

18      A.   I see that.

19      Q.   So this language was added in order to distinguish the
20           patent from the prior art, correct?

21      A.   Not necessarily, no.

22      Q.   Do you recall what the reasonable -- what the office action
             that Informatica was reacting to when it made this amendment?

23      A.   No, I don't.

24      Q.   Isn't it true that the patent office said, Transformation
25           objects are in the prior art, you've got to show us why yours
             is different?

26      MR. HADDEN: Objection, your Honor. The claims have
             been construed. This prosecution history is irrelevant, and
27           there's no doctrine of equivalence issue in this case.

28  March 16, 2007 Trial Transcript at 697:11 - 698:9.

2

United States District Court

For the Northern District of California

1    In its trial brief, filed during pretrial proceedings, Defendant similarly argued to this Court

2    that "a particular 'transformation object' that has particular 'metadata' corresponding to it must

3    mean that a transformation object does not inherently contain metadata."  Def. Trial Brief at 7:4-6.

4    In the context of the motions *in limine*, this Court rejected BODI's request for "clarification" of

5    Judge White's construction of  "transformation object" in accordance with this view so as to

6    embrace BODI's theory that "transformation object" must be construed to be separate and distinct

7    from its related metadata.  BODI acknowledged that: "If BODI's understanding of the Court's claim

8    construction is correct, the infringement issue may be decided in BODI's favor as a matter of law.  If

9    BODI is incorrect, it may be that part of the infringement issue would be decided against BODI as a

10   matter of law (leaving the factual issues of actual usage and intent to induce infringement for the

11   jury)."  Opp. to Pl's MIL No. 2 at 8:22-9:2.  Thus, BODI recognized that this issue is one for the

12   Court, not for the jury.  However, BODI argued in connection with this motion and INFA's

13   objection to its cross-examination of INFA's expert based on the prosecution history that "we're

14   allowed to argue our view of the Court's interpretation [of the claim], and they're allowed to argue

15   theirs."  March 16, 2007 Trial Transcript at 720:10-12.  The Court rejected this view.

16   In an attempt to avoid this Court's prior rejection of BODI's argument that the metadata

17   (BODI's ATL instructions for EDFs) cannot be part of the component (Def's MIL No.1 at 15), BODI

18   has slightly rephrased its argument to contend "that it does not have metadata that *corresponds* to

19   any particular transformation object - all it stores is metadata.  EDF metadata instead may be

20   implemented in different ways based on how BODI's optimizing engine determines the most optimal

21   way to implement the transformation process."  BODI's Brief re Non-Infr. Position at 3 (emphasis

22   added).  However, this contention is really the same claim construction argument previously rejected

23   by the Court, and the Court was aware then of the "corresponding" language of the claim.

24   Accordingly, BODI is precluded from presenting expert testimony contradicting the Court's

25   construction that the transformation object can include the metadata.  CytoLogix Corp. v. Ventana

26   Medical Systems, Inc., 424 F.3d 1168, 1172-74 (Fed. Cir. 2005) (holding that "it appears that the

27   conflicting expert views as to claim construction created confusion and may have led to a verdict of

28   infringement with respect to the asserted claims of the '061 patent that was not supported by

3

1    substantial evidence under the district court's claim construction," but that evidence otherwise

2    supported finding of infringement.)

3          This order disposes of docket no. 615.

4    IT IS SO ORDERED.

5    Dated:  March 21, 2007

                                                    _____
6                                                   ELIZABETH D. LAPORTE
                                                    United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4