1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INFORMATICA CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BUSINESS OBJECTS DATA INTEGRATION, INC., formerly known as ACTA TECHNOLOGY, INC., a Delaware corporation,<br><br>Defendant | Case No.  C 02-03378 EDL<br><br>**JURY INSTRUCTIONS**<br><br>Trial Date:      March 12, 2007 |
| AND RELATED COUNTERCLAIMS. | |

1.     **Preliminary Instruction – Duty of Jury**

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial, I will give you more detailed instructions.  Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

1          **2.**       **Preliminary Instruction – Claims and Defenses**

2          To help you follow the evidence, I will give you a brief summary of the positions of the

3 parties:

4          The plaintiff in this case is Informatica Corporation and the defendant is Business Objects

5 Data Integration, Inc., which we will refer to as BODI.  Both are software companies who sell

6 competing software.  This software is known as extraction, transformation, and load, or "ETL"

7 software.  The case involves two United States patents owned by Informatica.  Informatica

8 contends that BODI willfully infringes, and induces its customers to infringe, certain claims in the

9 two patents.  Informatica seeks money damages for the alleged infringement.  BODI denies that it

10 infringes or induces its customers to infringe the patents.  BODI also alleges that Informatica's

11 patents are not valid because Informatica's alleged inventions were already available to the public

12 before Informatica filed for its patents.  Informatica denies that its patents are invalid.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3.** **Preliminary Instruction – What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits which are received into evidence; and

    (3) any facts to which the lawyers stipulate.

**4.**     **Preliminary Instruction – What Is Not Evidence**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

       (1) statements and arguments of the attorneys;

       (2) questions and objections of the attorneys;

       (3) testimony that I instruct you to disregard; and

       (4) anything you may see or hear when the court is not in session even if what you see

          or hear is done or said by one of the parties or by one of the witnesses.

5.      **Preliminary Instruction - Evidence for a Limited Purpose**

Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**6.**      **Preliminary Instruction - Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

7.    **Preliminary Instruction - Ruling on Objections**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

8.      **<u>Preliminary Instruction - Credibility of Witnesses</u>**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1) the opportunity and ability of the witness to see or hear or know the things testified to;

    (2) the witness' memory;

    (3) the witness' manner while testifying;

    (4) the witness' interest in the outcome of the case and any bias or prejudice;

    (5) whether other evidence contradicted the witness' testimony;

    (6) the reasonableness of the witness' testimony in light of all the evidence; and

    (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**9.**      **Preliminary Instruction - Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately. You may discuss evidence during trial only with your fellow jurors and only when all jurors are present in the jury room. Even though you may discuss the case under the conditions I have described, do not form final opinions about any fact or about the outcome of the case until you have heard and considered all of the evidence, the closing arguments, and the rest of the instructions I will give you on the law. Both sides have the right to have the case fully presented and argued before you decide any of the issues in the case. Keep an open mind during the trial. Form your final opinions only after you have had an opportunity to discuss the case with each other in the jury room at the end of the trial.

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the courtroom deputy to give to me; and

Fifth, do not make up your mind about what the verdict should be until all the evidence is in, until you have heard my complete and final instructions on the law and the final arguments of counsel. Keep an open mind until you start your deliberations at the end of the case.

1

10.      **<u>Preliminary Instruction - No Transcript Available to Jury</u>**

2

At the end of the trial, you will have to make your decision based on what you recall of

3

the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the

4

testimony as it is given.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 11.       **Preliminary Instruction - Taking Notes**

2        If you wish, you may take notes to help you remember what witnesses said.  If you do

3   take notes, please keep them to yourself until you and your fellow jurors go to the jury room to

4   decide the case.  Do not let note-taking distract you so that you do not hear other answers by

5   witnesses.  When you leave, your notes should be left in the envelope in the jury room.

6        Whether or not you take notes, you should rely on your own memory of what was said.

7   Notes are only to assist your memory.  You should not be overly influenced by the notes.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **12.      Preliminary Instruction - Outline of Trial**

2          The next phase of the trial will now begin.  First, each side may make an opening

3   statement.  An opening statement is not evidence.  It is simply an outline to help you understand

4   what that party expects the evidence will show.

5          The plaintiff will then present evidence, and counsel for the defendant may

6   cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may

7   cross-examine.

8          After the evidence has been presented, the attorneys will make closing arguments and I

9   instruction you on the law that applies to the case.

10         After that, you will go to the jury room to deliberate on your verdict.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### 13.    Preliminary Instruction – Interpretation of Claims

2        This case involves a dispute relating to two United States patents.  Before summarizing

3   the positions of the parties and the legal issues involved in the dispute, I will show you a video to

4   explain what a patent is and how one is obtained.  The video will also briefly explain the issues

5   that arise in cases involving disputes relating to a United States patent.

6        [Show Federal Judicial Center video, "Introduction to the Patent System."]

7        [The Court should show the jury the patent at issue and point out the parts including the

8   specification, drawings and claims including the claims at issue.  The Court could at this point

9   also hand out its construction of any claim terms and the glossary.]

10        Some of the language in the patent claims involved in this case have already been

11  interpreted.  A copy of these interpretations is included in your notebooks.  You must accept

12  those interpretations as correct.

| Claim Term | Court's Construction |
|---|---|
| port | an abstraction for describing the inputs and/or outputs of sources, targets, or transformation objects |
| transformation object | a reusable component for processing data according to predefined instructions |
| sequence transformation object | a transformation object that generates unique keys from an initial value |
| a data warehouse application | software that extracts, transforms and loads data into one or more databases, where the data is useful for decision support, usually across an enterprise |
| a data mart application | software that extracts, transforms and loads data into one or more databases, where the database(s) contain a subset of corporate data useful for decision support for an aspect of a business |
| mapping | verb sense: creating a correspondence between the elements of one set and the elements of another set

noun sense: an end to end data flow that includes one or more sources, transformations and targets |
| metadata | data about data |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1          **14.     Preliminary Instruction – Summary of Contentions**

2          To help you follow the evidence, I will now give you a summary of the positions of the

3   parties.

4          The parties in this case are the plaintiff, Informatica Corporation, which I will refer to as

5   "Informatica" and defendant Business Objects Data Integration, Inc., which I will collectively

6   refer to simply as "BODI."   The case involves three United States patents obtained and owned by

7   Informatica.   The first patent involved in this case is United States Patent Number 6,014,670

8   which lists Kiumarse Zamanian and Diaz Nesamoney as the inventors.   For convenience, the

9   parties and I will often refer to this patent as the '670 patent, 6-7-0 being the last three numbers of

10  its patent number.   The second patent involved in this case is United States Patent Number

11  6,339,775 which again lists Mr.  Zamanian and Mr.  Nesamoney as the inventors.   The parties and

12  I will often refer to this patent as the '775 patent.   The parties and I will often refer to these

13  patents collectively as "the patents" or the "patents-in-issue."

14         Informatica filed suit in this court seeking money damages from BODI for allegedly

15  infringing the '670 and '775 patents by making, exporting, using, selling, and offering for sale

16  products that, when used, Informatica argues are covered by claims 1, 8, 12, 15, and 18 of the

17  '670 patent and claims 5, 7, and 11 of the '775 patent.   Informatica also argues that BODI has

18  knowingly induced infringement of these claims of the patents by others.   The products that are

19  alleged to infringe, when used, are all versions of Data Integrator.   Data Integrator used to be

20  called ActaWorks and versions of ActaWorks starting at version 5.0 are also alleged to infringe.

21  ActaWorks was a product of Acta Technology.   A wholly owned subsidiary of Business Objects

22  Americas was merged with Acta Technology and Acta Technology was renamed Business

23  Objects Data Integration, Inc.   Thereafter, the product was renamed Data Integrator and you may

24  her witnesses or documents refer to both ActaWorks and Data Integrator.

25         BODI denies that it has infringed claims of the patents-in-issue and argues that, in

26  addition, the claims are invalid.

27         Your job will be to decide whether any of claims 1, 8, 12, 15, and 18 of the '670 patent,

28  claims 5, 7, and 11 of the '775 patent have been infringed and whether any of those claims are

invalid.  If you decide that any claim of the patents-in-issue has been infringed and is not invalid,

you will then need to decide any money damages to be awarded to Informatica to compensate it

for the infringement.  You will also need to make a finding as to whether the infringement was

willful.  If you decide that any infringement was willful, that decision should not affect any

damage award you give.  I will take willfulness into account later.

It is my job as judge to determine the meaning of any claim language that needs

interpretation.  You must accept the meanings I give you and use them when you decide whether

any claim of the patent has been infringed and whether any claim is invalid.

1      **15.      Preliminary Instruction – Outline of Trial**

2          The trial will now begin.  First, each side may make an opening statement.  An opening

3   statement is not evidence.  It is simply an outline to help you understand what that party expects

4   the evidence will show.

5          There are two standards of proof that you will apply to the evidence, depending on the

6   issue you are deciding.  On some issues, you must decide whether something is more likely true

7   than not.  On other issues you must use a higher standard and decide whether it is highly probable

8   that something is true.

9          After opening statements, Informatica will present its evidence on its contention that

10  BODI has infringed and has knowingly induced its customers to infringe claims 1, 8, 12, 15, and

11  18 of the '670 patent and claims 5, 7, and 11 of the '775 patent, and that the infringement has

12  been and continues to be willful.  To prove infringement of any claim, Informatica must persuade

13  you that it is more likely than not that BODI has infringed that claim.  To persuade you that any

14  infringement was willful, Informatica must prove that it is highly probable that the infringement

15  was willful.

16         BODI will go next and present its evidence that the claims of the '670 and '775 patents

17  are invalid.  To prove invalidity of any claim, BODI must persuade you that it is highly probable

18  that the claim is invalid.  In addition to presenting its evidence of invalidity, BODI will put on

19  evidence responding to Informatica's infringement and willfulness contentions.

20         Informatica will then return and will put on evidence responding to BODI contention that

21  the claims of the '670 and '775 patents are invalid.  Informatica will also have the option to put

22  on what is referred to as "rebuttal" evidence to any evidence offered by BODI of non-

23  infringement or lack of willfulness.

24         Finally, BODI will have the option to put on "rebuttal" evidence to any evidence offered

25  by Informatica on the validity of the claims of the '670 and '776 patents.

26         During the presentation of the evidence, the attorneys will be allowed brief opportunities

27  to explain what they believe the evidence has shown or what they believe upcoming evidence will

28  show.  Such comments are not evidence and are being allowed solely for the purpose of helping

1   you understand the evidence.

2           After the evidence has been presented, I will give you final instructions on the law that

3   applies to the case and the attorneys will make closing arguments.  Closing arguments are not

4   evidence.  After the instructions and closing arguments, you will then decide the case.  You

5   should base your decision on all of the evidence, regardless of which party presented it.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          **16.      Preliminary Instruction – Questions to Witnesses by Jurors**

2          If you have a question about the case for a witness or for me, write it down, but do not

3    sign it.  Hand the question to the courtroom deputy.  If your question is for a witness who is about

4    to leave the witness stand, please signal the courtroom deputy or me before the witness leaves the

5    stand.

6          The lawyers and I will discuss the question among ourselves.  The rules of evidence or

7    other rules of law may prevent some questions from being asked.  If the rules permit the question

8    and the answer is available, an answer will be given at the earliest opportunity.  When we do not

9    ask a question, it is no reflection on the person submitting it.  You should attach no significance

10   to the failure to ask a question.  I will apply the same legal standards to your questions as I do to

11   the questions asked by the lawyers.

12         If a particular question is not asked, please do not guess why or what the answer might

13   have been.

14         Also, please keep in mind that it takes time for the Court to discuss any question with the

15   lawyers, so too many questions could delay the trial.

16

17

18

19

20

21

22

23

24

25

26

27

28

1     **17.**     **Instruction Before Deliberation – Infringement – Burden of Proof**

2        I will now instruct you on the rules you must follow in deciding whether Informatica has

3 proven that BODI has infringed one or more of the asserted claims of the '670 or '775 patents.

4 To prove infringement of any claim, Informatica must persuade you that it is more likely than not

5 that BODI has infringed that claim.

6        Informatica asserts that BODI has infringed 8 claims from the two patents at issue.  These

7 claims are:

8        claims 1, 8, 12, 15, and 18 of the '670 patent; and

9        claims 5, 7, and 11 of the '775 patent.

1      **18.     Instruction Before Deliberation – Direct Infringement**

2          A patent's claims define what is covered by the patent.  A product or method directly

3      infringes a patent if it is covered by at least one claim of the patent.

4          Deciding whether a claim has been directly infringed is a two-step process.  The first step

5      is to decide the meaning of the patent claim.  I have already made this decision, and I have

6      already instructed you as to the meaning of the asserted patent claims.  The second step is to

7      decide whether BODI has made, used, sold, or offered for sale within the United States a product

8      that has been used to practice a method covered by a claim of the '670 and '775 patents.  You, the

9      jury, make this decision.

10         With one exception, you must consider each of the asserted claims of the patent

11     individually, and decide whether BODI's products, when used, infringe that claim.  The one

12     exception to considering claims individually concerns dependent claims.  A dependent claim

13     includes all of the requirements of a particular independent claim, plus additional requirements of

14     its own.  As a result, if you find that an independent claim is not infringed, you must find that its

15     dependent claims are also not infringed.  On the other hand, if you find that an independent claim

16     has been infringed, you must still separately decide whether the additional requirements of its

17     asserted dependent claims have also been infringed.

18         It has been established that BODI has directly infringed claims 1, 8, 12, 15, and 18 of the

19     '670 patent and claims 5, 7, and 11 of the '775 patent while testing the accused EDF functionality

20     in the accused products.  It has also been established that some customers have also directly

21     infringed the asserted claims.  In determining damages, you must decide the extent to which

22     BODI's customers use the accused EDF function with one input and one output to perform each

23     step of any of the asserted claims.

24

25

26

27

28

**19.**     <u>**Instruction Before Deliberation – Inducing Patent Infringement**</u>

Informatica alleges that BODI has knowingly induced BODI's customers to infringe claims 1, 8, 12, 15 and 18 of the '670 patent, and claims 5, 7, and 11 of the '775 patent. In order to induce infringement, there must first be an act of direct infringement by a BODI customer and proof that BODI knowingly induced infringement with the intent to encourage the infringement. BODI must have intended to cause the acts that constitute the direct infringement and must have known or should have known that its action would cause the direct infringement.

1    **20.**     **Instruction Before Deliberation – Willful Infringement**

2           In this case, Informatica argues both that BODI infringed and that BODI infringed

3    willfully.  To prove willful infringement, Informatica must persuade you that it is "highly

4    probable" that BODI willfully infringed.

5           Specifically, Informatica must demonstrate that it is highly probable that:

6           A.     BODI had actual knowledge of the '670 and '775 patents; and

7           B.     BODI had no reasonable basis for believing (1) that BODI's products did not

8                infringe the patents-in-issue or (2) that the patents-in-issue was invalid.

9           In deciding whether BODI committed willful infringement, you must consider all of the

10   facts, which include but are not limited to:

11          A.     Whether BODI intentionally copied a product of Informatica covered by the

12               patents-in-issue;

13          B.     Whether BODI, when it learned of Informatica's patent protection,

14               investigated the scope of the patent and formed a good-faith belief that the

15               patent was invalid or that it was not infringed;

16          C.     Whether BODI had a substantial defense to infringement and reasonably

17               believed that the defense would be successful if litigated;

18          D.     Whether BODI made a good faith effort to avoid infringing the patent; and

19          E.     Whether BODI relied on a legal opinion that appeared to it to be well-

20               supported and believable and that advised BODI (1) that the products did not

21               infringe the patents-in-issue or (2) that the patents-in-issue were invalid.

22

23

24

25

26

27

28

1      **21.     Instruction Before Deliberation – Invalidity-Burden of Proof**

2          I will now instruct you on the rules you must follow in deciding whether BODI has

3      proven that the claims of the '670 and '775 patents are invalid.  To prove invalidity of any of the

4      patent claims, BODI must persuade you that it is highly probable that the claim is invalid.

5          I will now instruct you on the invalidity issues that you will have to decide in this case.

1        **22.      Instruction Before Deliberation – Anticipation**

2              A patent claim is invalid if the claimed invention is not new.  For the claim to be invalid

3    because it is not new, all of its requirements must be in a single previous method, or described in

4    a single previous publication.  We call these things "prior art references."  The description in a

5    reference does not have to be in the same words as the claim, but all the requirements must be

6    there, either stated or necessarily implied, so that someone of ordinary skill in the field of ETL

7    software looking at that one reference would be able to make and use the claimed invention.

8              Here is a list of the ways that BODI can show that a patent claim was not new:

9         ▪  if the claimed invention was already publicly known or publicly used by others in the

10             United States before the date of conception;

11        ▪  if the claimed invention was already patented or described in a printed publication

12             anywhere in the world before the date of conception.  A reference is a "printed

13             publication" if it is accessible to those interested in the field, even if it is difficult to

14             find;

15        ▪  if the claimed invention was already made by someone else in the United States before

16             the date of conception, if that other person had not abandoned the invention or kept it

17             secret.

18        ▪  if the claimed invention was already described in another issued U.S. patent or

19             published U.S. patent application that was based on a patent application filed before the

20             date of conception;

21        ▪  if MS Kiumarse Zamanian and Diaz Nesamoney did not invent the claimed invention

22             but instead learned of the claimed invention from someone else.

23              Since it is in dispute, you must determine a date of conception for the claimed invention.

24    Conception is the mental part of an inventive act and is proven when the invention is shown in its

25    complete form by drawings, disclosure to another or other forms of evidence presented at trial.

26

27

28

### 23.     Instruction Before Deliberation – Statutory Bars

A patent claim is invalid if the patent application was not filed within the time required by law.  This is called a "statutory bar."  For a patent claim to be invalid here, all of its requirements must have been present in one prior art reference more than a year before the effective filing date of the patent application.  Here is a list of ways BODI can show that the patent applications were not timely filed:

- ▪ if the claimed invention was already patented or described in a printed publication anywhere in the world one year before the effective filing date of the patent application.  A reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find;

- ▪ if the claimed invention was already being openly used in the United States one year before the effective filing date of the patent application and that use was not primarily an experimental use (a) controlled by the inventor, and (b) to test whether the invention worked for its intended purpose;

- ▪ if a device or method using the claimed invention was sold or offered for sale in the United States, and that claimed invention was ready for patenting, one year before the effective filing date of the patent application.  The claimed invention is not being sold or offered for sale if Informatica shows that the sale or offer for sale was primarily experimental.  The claimed invention is ready for patenting if it was actually built, or if the inventor had prepared drawings or other descriptions of the claimed invention that were sufficiently detailed to enable a person of ordinary skill in the field of ETL software to make and use the invention based on them.

For a claim to be not new because of a prior art reference dated at least one year earlier than the effective filing date of the patent application, all of the claimed requirements must have been specifically disclosed in the reference, or would have to have been known to a person of ordinary skill in the field to have been necessarily present in the reference.  The disclosure in a reference does not have to be in the same words as the claim, but all the requirements must be there, either described in enough detail or necessarily implied, to enable someone of ordinary skill

1     in the field of ETL software looking at the reference to make and use the claimed invention.

2           One year before the effective filing date of the '670 patent is November 7, 1996.  One

3     year before the effective filing date of claim 11 of the '775 patent is November 7, 1996.  One year

4     before the effective filing date of claims 5 and 7 of the '775 patent is November 16, 1998.

24.     **Instruction Before Deliberation – Obviousness**

A patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the filed at the time the application was filed.  This means that even if all of the requirements of the claim cannot be found in a single prior art reference that would anticipate the claim or constitute a statutory bar to that claim, a person of ordinary skill in the field of ETL software who knew about all this prior art would have come up with the claimed invention.  The claimed invention is not obvious unless there was something in the prior art or within the understanding of a person of ordinary skill in the field or the nature of the problem itself that would suggest the claimed invention.  You must be careful not to determine obviousness using the benefit of hindsight.  You should put yourself in the position of a person of ordinary skill in the field at the time the invention was made and you should not consider what is known today or what is learned from the teaching of the patent.

Your conclusion about the question whether a claim is obvious must be based on several factual decisions that you must make. First you must decide the scope and content of the prior art. Second, you must decide what difference, if any, exists between the claim and the prior art. Third, you must decide the level of ordinary skill in the field that someone would have had at the time the claim invention was made.  Finally, you must consider any evidence that has been presented with respect to the following:

(1)  commercial success due to the merits of the claimed invention;

(2)  a long felt need for the solution provided by the claimed invention;

(3)  unsuccessful attempts by others to find the solution provided by the claimed invention;

(4)  copying of the claimed invention by others;

(5)  unexpected superior results from the claimed invention;

(6)  acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention;

(7)  independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it.

The presence of any of the first six considerations may be an indication that a claimed invention would not have been obvious at the time this invention was made, and the presence of the seventh consideration may be an indication that the claimed invention would have been obvious at such time.  Although you must consider any evidence of these factors, the importance of any of them to your decision on whether the claimed invention would have been obvious is up to you.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 25. <u>Instruction Before Deliberation – Differences over the Prior Art</u>

In reaching your conclusion as to whether or not claims 1, 8, 12, 15, and 18 of the '670 patent would have been obvious at the time the claimed invention was made, you should consider any difference or differences between Exhibit No. 2045 and the claimed requirements.

**26.**      **Instruction Before Deliberation – Level of Ordinary Skill**

Several times in my instructions I have referred to a person or ordinary skill in the field of ETL software.  It is up to you to decide the level of ordinary skill in the field of ETL software.

You should consider all the evidence introduced at trial in making this decision, including:

(1) the levels of education and experience of persons working in the field;

(2) the types of problems encountered in the field; and

(3) the sophistication of the technology.

Informatica contends that a person of ordinary skill in the field has an undergraduate degree in computer science (or a related field or equivalent work experience), and three or more years involved with the development of related applications, e.g., decision support or business intelligence, or equivalent training.  BODI contends that the person of ordinary skill in the field has at least a Bachelor's Degree in Computer Science (or the equivalent) and two years experience working in the field of data warehousing and ETL software (or the equivalent).

**27.** **Instruction Before Deliberation – Duties of Jury to Find Facts and Follow Law**

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return— that is a matter entirely up to you.

28.   **Instruction Before Deliberation – What is Evidence**

The evidence from which you are to decide what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits which have been received into evidence; and

    (3) any facts to which the lawyers have agreed or stipulated.

1    **29.    Instruction Before Deliberation – What is Not Evidence**

2         In reaching your verdict, you may consider only the testimony and exhibits received into

3    evidence.  Certain things are not evidence, and you may not consider them in deciding what the

4    facts are.  I will list them for you:

5         (1) Arguments and statements by lawyers are not evidence.  The lawyers are not

6            witnesses.  What they have said in their opening statements, closing arguments,

7            and at other times is intended to help you interpret the evidence, but it is not

8            evidence.  If the facts as you remember them differ from the way the lawyers have

9            stated them, your memory of them controls.

10        (2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to

11           their clients to object when they believe a question is improper under the rules of

12           evidence.  You should not be influenced by the objection or by the court's ruling

13           on it.

14        (3) Testimony that has been excluded or stricken, or that you have been instructed to

15           disregard, is not evidence and must not be considered.  In addition some testimony

16           and exhibits have been received only for a limited purpose; where I have given a

17           limiting instruction, you must follow it.

18        (4) Anything you may have seen or heard when the court was not in session is not

19           evidence.  You are to decide the case solely on the evidence received at the trial.

20

21

22

23

24

25

26

27

28

1    **30.     Instruction Before Deliberation – Direct and Circumstantial Evidence**

2           Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

3    testimony by a witness about what the witness personally saw or heard or did.  Circumstantial

4    evidence is proof of one or more facts from which you could find another fact.  You should

5    consider both kinds of evidence.  The law makes no distinction between the weight to be given to

6    either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

7    evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **31.     <u>Instruction Before Deliberation – Credibility of Witness</u>**

2         In deciding the facts in this case, you may have to decide which testimony to believe and

3    which testimony not to believe.  You may believe everything a witness says, or part of it, or none

4    of it.

5         In considering the testimony of any witness, you may take into account:

6         (1) the opportunity and ability of the witness to see or hear or know the things testified

7              to;

8         (2) the witness' memory;

9         (3) the witness' manner while testifying;

10        (4) the witness' interest in the outcome of the case and any bias or prejudice;

11        (5) whether other evidence contradicted the witness' testimony;

12        (6) the reasonableness of the witness' testimony in light of all the evidence; and

13        (7) any other factors that bear on believability.

14        The weight of the evidence as to a fact does not necessarily depend on the number of

15   witnesses who testify.

16

17

18

19

20

21

22

23

24

25

26

27

28

1      **32.**      <u>**Instruction Before Deliberation – Opinion Evidence, Expert Witnesses**</u>

2          You have heard testimony from persons who, because of education or experience, are

3    permitted to state opinions and the reasons for those opinions.

4          Opinion testimony should be judged just like any other testimony.  You may accept it or

5    reject it, and give it as much weight as you think it deserves, considering the witness' education

6    and experience, the reasons given for the opinion, and all the other evidence in the case.

**33.** **Instruction Before Deliberation – Charts and Summaries Not Received Into Evidence**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

1

**34.      Instruction Before Deliberation – Charts and Summaries Received Into Evidence**

Other charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

1

### 34a.   Instruction Before Deliberation – Summary of Contentions

2        I will first give you a summary of each side's contentions in this case.  I will then tell you

3   what each side must prove to win on each of its contentions.  As I previously told you,

4   Informatica seeks money damages from BODI for infringing the '670 and '775 patents by

5   making, using, selling and offering for sale products that, when used, Informatica argues are

6   covered by claims 1, 8, 12, 15, and 18, of the '670 patent, and claims 5, 7, and 11 of the '775

7   patent.  Informatica also argues that BODI has knowingly induced infringement of these claims of

8   the patents-in-suit by others.  The products that infringe, when used, are all versions of

9   ActaWorks starting at version 5.0 and all versions of Data Integrator.

10        BODI denies that it has infringed the asserted claims of the patents and argues that, in

11   addition, all claims of the patents-in-issue are invalid.

12        Your job will be to decide whether BODI has induced infringement of the asserted claims

13   of the patents-in-issue and whether any of those claims are invalid.  If you decide that any claim

14   of the patents is not invalid, you will then need to decide any money damages to be awarded to

15   Informatica to compensate it for the infringement.  You will also need to make a finding as to

16   whether the infringement was willful.  If you decide that any infringement was willful, that

17   decision should not affect any damage award you make.  I will take willfulness into account later.

18

19

20

21

22

23

24

25

26

27

28

1

### 35.   Instruction Before Deliberation – Interpretation of Claims

2      I have interpreted the meaning of some of the language in the patent claims involved in

3  this case.  You must accept those interpretations as correct.  My interpretation of the language

4  should not be taken as an indication that I have a view regarding the issues of infringement and

5  invalidity.  The decisions regarding infringement and invalidity are yours to make.  Claims are to

6  be interpreted the same way for both infringement and invalidity.  Therefore, whatever

7  interpretation of the claims you use in deciding infringement, you must use in deciding invalidity,

8  and vice versa.

9      I have interpreted the following terms, phrases or clauses:

10

| Claim Term | Court's Construction |
|---|---|
| port | an abstraction for describing the inputs and/or outputs of sources, targets, or transformation objects |
| transformation object | a reusable component for processing data according to predefined instructions |
| sequence transformation object | a transformation object that generates unique keys from an initial value |
| a data warehouse application | software that extracts, transforms and loads data into one or more databases, where the data is useful for decision support, usually across an enterprise |
| a data mart application | software that extracts, transforms and loads data into one or more databases, where the database(s) contain a subset of corporate data useful for decision support for an aspect of a business |
| mapping | verb sense: creating a correspondence between the elements of one set and the elements of another set<br><br>noun sense: an end to end data flow that includes one or more sources, transformations and targets |
| metadata | data about data |

**36.** **Instruction Before Deliberation – Infringement – Burden of Proof**

I will now instruct you on the rules you must follow in deciding whether Informatica has proven that BODI has infringed one or more of the asserted claims of the '670 or '775 patents. To prove infringement of any claim, Informatica must persuade you that it is more likely than not that BODI has infringed that claim.

Informatica asserts that BODI has infringed 8 claims from the two patents at issue. These claims are:

claims 1, 8, 12, 15, and 18 of the '670 patent; and

claims 5, 7, and 11 of the '775 patent.

1        **37.**      **Instruction Before Deliberation – Direct Infringement**

2            A patent's claims define what is covered by the patent.  A product or method directly

3    infringes a patent if it is covered by at least one claim of the patent.

4            Deciding whether a claim has been directly infringed is a two-step process.  The first step

5    is to decide the meaning of the patent claim.  I have already made this decision, and I have

6    already instructed you as to the meaning of the asserted patent claims.  The second step is to

7    decide whether BODI has made, used, sold, or offered for sale within the United States a product

8    that has been used to practice a method covered by a claim of the '670 and '775 patents.  You, the

9    jury, make this decision.

10           With one exception, you must consider each of the asserted claims of the patent

11   individually, and decide whether BODI's products, when used, infringe that claim.  The one

12   exception to considering claims individually concerns dependent claims.  A dependent claim

13   includes all of the requirements of a particular independent claim, plus additional requirements of

14   its own.  As a result, if you find that an independent claim is not infringed, you must find that its

15   dependent claims are also not infringed.  On the other hand, if you find that an independent claim

16   has been infringed, you must still separately decide whether the additional requirements of its

17   asserted dependent claims have also been infringed.

18           It has been established that BODI has directly infringed claims 1, 8, 12, 15, and 18 of the

19   '670 patent and claims 5, 7, and 11 of the '775 patent while testing the accused EDF functionality

20   in the accused products.  It has also been established that some customers have also directly

21   infringed the asserted claims.  In determining damages, you must decide the extent to which

22   BODI's customers use the accused EDF function with one input and one output to perform each

23   step of any of the asserted claims.

24

25

26

27

28

1

### 38.    Instruction Before Deliberation – Inducing Patent Infringement

Informatica alleges that BODI has knowingly induced BODI's customers to infringe claims 1, 8, 12, 15 and 18 of the '670 patent, and claims 5, 7, and 11 of the '775 patent.  In order to induce infringement, there must first be an act of direct infringement by a BODI customer and proof that BODI knowingly induced infringement with the intent to encourage the infringement. BODI must have intended to cause the acts that constitute the direct infringement and must have known or should have known that its action would cause the direct infringement.

### 39.    **Instruction Before Deliberation – Willful Infringement**

In this case, Informatica argues both that BODI infringed and that BODI infringed willfully.  To prove willful infringement, Informatica must persuade you that it is "highly probable" that BODI willfully infringed.

Specifically, Informatica must demonstrate that it is highly probable that:

C.    BODI had actual knowledge of the '670 and '775 patents; and

D.    BODI had no reasonable basis for believing (1) that BODI's products did not infringe the patents-in-issue or (2) that the patents-in-issue was invalid.

In deciding whether BODI committed willful infringement, you must consider all of the facts, which include but are not limited to:

F.    Whether BODI intentionally copied a product of Informatica covered by the patents-in-issue;

G.    Whether BODI, when it learned of Informatica's patent protection, investigated the scope of the patent and formed a good-faith belief that the patent was invalid or that it was not infringed;

H.    Whether BODI had a substantial defense to infringement and reasonably believed that the defense would be successful if litigated;

I.    Whether BODI made a good faith effort to avoid infringing the patent; and

J.    Whether BODI relied on a legal opinion that appeared to it to be well-supported and believable and that advised BODI (1) that the products did not infringe the patents-in-issue or (2) that the patents-in-issue were invalid.

1      **40.**      <u>**Instruction Before Deliberation – Invalidity-Burden of Proof**</u>

I will now instruct you on the rules you must follow in deciding whether BODI has proven that the claims of the '670 and '775 patents are invalid.  To prove invalidity of any of the patent claims, BODI must persuade you that it is highly probable that the claim is invalid.

I will now instruct you on the invalidity issues that you will have to decide in this case.

41.     **Instruction Before Deliberation – Anticipation**

A patent claim is invalid if the claimed invention is not new.  For the claim to be invalid because it is not new, all of its requirements must be in a single previous method, or described in a single previous publication.  We call these things "prior art references."  The description in a reference does not have to be in the same words as the claim, but all the requirements must be there, either stated or necessarily implied, so that someone of ordinary skill in the field of ETL software looking at that one reference would be able to make and use the claimed invention.

Here is a list of the ways that BODI can show that a patent claim was not new:

- if the claimed invention was already publicly known or publicly used by others in the United States before the date of conception;

- if the claimed invention was already patented or described in a printed publication anywhere in the world before the date of conception.  A reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find;

- if the claimed invention was already made by someone else in the United States before the date of conception, if that other person had not abandoned the invention or kept it secret.

- if the claimed invention was already described in another issued U.S. patent or published U.S. patent application that was based on a patent application filed before the date of conception;

- if MS Kiumarse Zamanian and Diaz Nesamoney did not invent the claimed invention but instead learned of the claimed invention from someone else.

The date of conception is November 7, 1997.

1        **42.     Instruction Before Deliberation – Statutory Bars**

2            A patent claim is invalid if the patent application was not filed within the time required by

3    law.  This is called a "statutory bar."  For a patent claim to be invalid here, all of its requirements

4    must have been present in one prior art reference more than a year before the effective filing date

5    of the patent application.  Here is a list of ways BODI can show that the patent applications were

6    not timely filed:

7            ▪   if the claimed invention was already patented or described in a printed publication

8                anywhere in the world one year before the effective filing date of the patent

9                application.  A reference is a "printed publication" if it is accessible to those interested

10               in the field, even if it is difficult to find;

11           ▪   if the claimed invention was already being openly used in the United States one year

12               before the effective filing date of the patent application and that use was not primarily

13               an experimental use (a) controlled by the inventor, and (b) to test whether the

14               invention worked for its intended purpose;

15           ▪   if a device or method using the claimed invention was sold or offered for sale in the

16               United States, and that claimed invention was ready for patenting, one year before the

17               effective filing date of the patent application.  The claimed invention is not being sold

18               or offered for sale if Informatica shows that the sale or offer for sale was primarily

19               experimental.  The claimed invention is ready for patenting if it was actually built, or

20               if the inventor had prepared drawings or other descriptions of the claimed invention

21               that were sufficiently detailed to enable a person of ordinary skill in the field of ETL

22               software to make and use the invention based on them.

23           For a claim to be not new because of a prior art reference dated at least one year earlier

24   than the effective filing date of the patent application, all of the claimed requirements must have

25   been specifically disclosed in the reference, or would have to have been known to a person of

26   ordinary skill in the field to have been necessarily present in the reference.  The disclosure in a

27   reference does not have to be in the same words as the claim, but all the requirements must be

28   there, either described in enough detail or necessarily implied, to enable someone of ordinary skill

1    in the field of ETL software looking at the reference to make and use the claimed invention.

2           One year before the effective filing date of the '670 patent is November 7, 1996.  One

3    year before the effective filing date of claim 11 of the '775 patent is November 7, 1996.  One year

4    before the effective filing date of claims 5 and 7 of the '775 patent is November 16, 1998.

### 43.   **Instruction Before Deliberation – Obviousness**

A patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the filed at the time the application was filed.  This means that even if all of the requirements of the claim cannot be found in a single prior art reference that would anticipate the claim or constitute a statutory bar to that claim, a person of ordinary skill in the field of ETL software who knew about all this prior art would have come up with the claimed invention.  The claimed invention is not obvious unless there was something in the prior art or within the understanding of a person of ordinary skill in the field or the nature of the problem itself that would suggest the claimed invention.  You must be careful not to determine obviousness using the benefit of hindsight.  You should put yourself in the position of a person of ordinary skill in the field at the time the invention was made and you should not consider what is known today or what is learned from the teaching of the patent.

Your conclusion about the question whether a claim is obvious must be based on several factual decisions that you must make. First you must decide the scope and content of the prior art. Second, you must decide what difference, if any, exists between the claim and the prior art. Third, you must decide the level of ordinary skill in the field that someone would have had at the time the claim invention was made.  Finally, you must consider any evidence that has been presented with respect to the following:

(1)  commercial success due to the merits of the claimed invention;

(2)  a long felt need for the solution provided by the claimed invention;

(3)  unsuccessful attempts by others to find the solution provided by the claimed invention;

(4)  copying of the claimed invention by others;

(5)  unexpected superior results from the claimed invention;

(6)  acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention;

(7)  independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it.

1        The presence of any of the first six considerations may be an indication that a claimed

2    invention would not have been obvious at the time this invention was made, and the presence of

3    the seventh consideration may be an indication that the claimed invention would have been

4    obvious at such time.  Although you must consider any evidence of these factors, the importance

5    of any of them to your decision on whether the claimed invention would have been obvious is up

6    to you.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**44.**     **<u>Instruction Before Deliberation – Differences over the Prior Art</u>**

2              In reaching your conclusion as to whether or not claims 1, 8, 12, 15, and 18 of the '670

3      patent would have been obvious at the time the claimed invention was made, you should consider

4      any difference or differences between Exhibit No. 2045  and the claimed requirements.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**45.    Instruction Before Deliberation – Level of Ordinary Skill**

Several times in my instructions I have referred to a person of ordinary skill in the field of ETL software.  It is up to you to decide the level of ordinary skill in the field of ETL software.

You should consider all the evidence introduced at trial in making this decision, including:

(1) the levels of education and experience of persons working in the field;

(2) the types of problems encountered in the field; and

(3) the sophistication of the technology.

Informatica contends that a person of ordinary skill in the field has an undergraduate degree in computer science (or a related field or equivalent work experience), and three or more years involved with the development of related applications, e.g., decision support or business intelligence, or equivalent training.  BODI contends that the person of ordinary skill in the field has at least a Bachelor's Degree in Computer Science (or the equivalent) and two years experience working in the field of data warehousing and ETL software (or the equivalent).

1

**46.     Instruction Before Deliberation – Damages-Burden of Proof**

2      I will instruct you about the measure of damages.  By instructing you on damages, I am

3 not suggesting which party should win on any issue.  If you find that BODI infringed any valid

4 claim of the '670 or '775 patents, you must then determine the amount of money damages to be

5 awarded to Informatica to compensate it for the infringement.

6      The amount of those damages must be adequate to compensate Informatica for the

7 infringement.  A damages award should put the patent holder in approximately the financial

8 position it would have been in had the infringement not occurred, but in no event may the

9 damages award be less than a reasonable royalty.  You should keep in mind that the damages you

10 award are meant to compensate the patent holder and not to punish an infringer.

11      Informatica has the burden to persuade you of the amount of its damages.  You should

12 award only those damages that Informatica more likely than not suffered.  While Informatica is

13 not required to prove its damages with mathematical precision, it must prove them with

14 reasonable certainty.  Informatica is not entitled to damages that are remote or speculative.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        **47.        Instruction Before Deliberation – Reasonable Royalty-Definition**

2        A royalty is a payment made to a patent holder in exchange for rights to make, use or sell

3   the claimed invention.  A reasonable royalty is the payment that would have resulted from a

4   negotiation between a patent holder and the infringer taking place at the time when the infringing

5   sales first began.  In considering the nature of this negotiation, the focus is on what the

6   expectations of the patent holder and infringer would have been had they entered into an

7   agreement at that time and acted reasonably in their negotiations.  However, you must assume

8   that both parties believed the patent was valid and infringed.  In addition, you must assume that

9   patent holder and infringer were willing to enter into an agreement; your role is to determine what

10  that agreement would have been.  The test for damages is what royalty would have resulted from

11  the hypothetical negotiation and not simply what either party would have preferred.

12       In this trial, you have heard evidence of things that happened after the infringing sales first

13  began.  That evidence can be considered only to the extent that it shows how the parties to the

14  hypothetical negotiation would have valued the rights to make, use, and sell the claimed invention

15  as of the time of the first infringement.  You may not limit or increase the royalty based on the

16  actual profits BODI made.

17

18

19

20

21

22

23

24

25

26

27

28

1

**48.** **Instruction Before Deliberation – Date of Commencement-Products**

Any damages that Informatica may be awarded by you can commence no earlier than

July 15, 2002.

1   **49.     Concluding Instruction– Duty to Deliberate**

2     When you begin your deliberations, you should elect one member of the jury as your

3   presiding juror.  That person will preside over the deliberations and speak for you here in court.

4     You will then discuss the case with your fellow jurors to reach agreement if you can do

5   so.  Your verdict must be unanimous.

6     Each of you must decide the case for yourself, but you should do so only after you have

7   considered all of the evidence, discussed it fully with the other jurors, and listened to the views of

8   your fellow jurors.

9     Do not be afraid to change your opinion if the discussion persuades you that you should.

10  Do not come to a decision simply because other jurors think it is right.

11    It is important that you attempt to reach a unanimous verdict but, of course, only if each of

12  you can do so after having made your own conscientious decision.  Do not change an honest

13  belief about the weight and effect of the evidence simply to reach a verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**50.**     <u>**Concluding Instruction– Use of Notes**</u>

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

1

**51.** **Concluding Instruction– Communication with Court**

2        If it becomes necessary during your deliberations to communicate with me, you may send

3 a note through the courtroom deputy, signed by your presiding juror or by one or more members

4 of the jury.  No member of the jury should ever attempt to communicate with me except by a

5 signed writing; and I will communicate with any member of the jury on anything concerning the

6 case only in writing, or here in open court.  If you send out a question, I will consult with the

7 parties before answering it, which may take some time.  You may continue your deliberations

8 while waiting for the answer to any question.  Remember that you are not to tell anyone—

9 including me—how the jury stands, numerically or otherwise, until after you have reached a

10 unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the

11 court.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**52.     Concluding Instruction– Return of Verdict**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.