UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFORMATICA CORPORATION<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUSINESS OBJECTS DATA INTEGRATION, INC.<br><br>　　　　Defendant.<br>_____/ | No. C 02-03378 EDL<br><br>**ORDER FOR PERMANENT INJUNCTION** |

　　　　The motion of Plaintiff Informatica Corporation ("Informatica") for issuance of a permanent injunction against Defendant Business Objects Data Integration, Inc. ("BODI") came on for hearing before this Court on May 8, 2007. Both parties were represented by their respective counsel. Having considered the evidence of record, and the papers and argument of counsel on Informatica's motion, the Court concludes that Informatica has demonstrated: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

　　　　Absent a permanent injunction, the harm suffered by Informatica as a result of BODI's infringement would be irreparable. Informatica was the first to offer a commercial ETL product that offered the reusable transformation objects claimed in the patents-in-suit. Informatica was able to use its patented invention to distinguish itself as an innovator and to distinguish its product from

those of other ETL vendors. BODI's introduction of an infringing product deprives Informatica of the ability to market a competitive differentiator, resulting in incalculable lost sales and loss of market share. This harm to Informatica is aggravated by BODI's practice of underpricing its Data Integrator product, which forces other ETL vendors, including Informatica, to lower prices to compete. Such continued effects on the market and to Informatica's business would be irreparable and cannot easily be measured and compensated in dollars.

The evidence of record establishes that BODI will not suffer undue hardship upon entry of an injunction. BODI has publicly stated that it is prepared to change the code in its shipping products to avoid infringement. Throughout trial, BODI's witnesses claimed that the infringing embedded data flow feature is not core to its Data Integrator product. Nor is ETL software in general core to BODI's operations. There is evidence that BODI can implement non-infringing alternatives for $200,000 at most. Thus, the balance of hardships overwhelmingly favors entry of an injunction.

There is no suggestion that the public will be disserved by an injunction in this case. The only public interest implicated in this case is the promotion of innovation through enforcement of patent rights.

The Court therefore ORDERS that:

Business Objects Data Integration, Inc. and its offers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are hereby enjoined from infringing United States Patent No. 6,014,670 ("the '670 patent") or United States Patent No. 6,339,775 ("the '775 patent") by:

(1) continuing to sell, offer for sale, or export its Data Integrator product that includes the embedded data flow feature with one input and one output; or

(2) continuing to use its Data Integrator product that includes the embedded data flow feature with one input and one output, other than to provide necessary ongoing

1  customer support to customers who purchased copies of the infringing Data
2  Integrator product prior to entry of this injunction.
3  IT IS SO ORDERED.
4  Dated: May 16, 2007

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge