UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INFORMATICA CORPORATION

    Plaintiff,

        v.

BUSINESS OBJECTS DATA INTEGRATION, INC.

    Defendant.
_____/

No. C 02-03378 EDL

**ORDER DENYING DEFENDANT'S MOTION FOR RENEWED JMOL; DENYING AS MOOT DEFENDANT'S MOTION FOR NEW TRIAL; AND DECLINING TO ENHANCE DAMAGES**

Jury trial in this patent infringement case commenced on March 12, 2007 and concluded with a verdict in favor of Plaintiff in the amount of $25,240,000 on April 2, 2007. On August 16, 2007, the Court denied Defendant's Renewed Motion for Judgment as a Matter of Law and granted Defendant's Motion for New Trial on damages unless Plaintiff accepted the Court's remittitur in the amount of $12,115,200. On September 10, 2007, Plaintiff accepted the remittitur.

On August 28, 2007, Defendant filed this Renewed Motion for Judgment as a Matter of Law or in the Alternative, for the Court to Decline Enhancement of Damages or to Grant a New Trial on Willfulness based on the Federal Circuit's August 20, 2007 decision in In re Seagate Technology, LLC, 497 F.3d 1360 (Fed. Cir. 2007), which raised the threshold for finding willful infringement. Defendant urges the Court to grant a new trial on willfulness or to decline to enhance damages for willfulness.

The Court held a hearing on October 2, 2007, and received supplemental briefs on October 9, 2007. Having carefully considered the papers submitted and the arguments at the hearing, the Court hereby denies Defendant's renewed motion for judgment as a matter of law, denies as moot Defendant's motion for a new trial and declines to enhance damages in light of In re Seagate.

**The Court retains jurisdiction to decide whether to enhance damages**

Plaintiff argues that the Court lacks jurisdiction over Defendant's motion because it was not filed within the prescribed time after the entry of judgment on May 16, 2007. See Fed. R. Civ. P. 50(b) ("The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after the entry of judgment . . . ."); Fed. R. Civ. P. 59(b) ("Any motion for a new trial shall be filed no later than 10 days after entry of judgment."); Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment."). Defendant responds that the Court may decide its motion because there has been no final judgment divesting this Court of jurisdiction, but at most a judgment on only some of the claims for relief, which is therefore still subject to revision. See Fed. R. Civ. P 54(b).

The Court's May 16, 2007 judgment stated in relevant part:

> IT IS ORDERED AND ADJUDGED that:
>
> 1. Plaintiff be awarded judgment against Defendant and $25,240,000.00 in damages, to be enhanced by an amount which will be determined upon the anticipated post-trial motions. . . .

Judgment at 1:18-21. This judgment was appealable on an interlocutory basis pursuant to 28 U.S.C. § 1292(c)(2):

> (c) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction--
> . . . (2) of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting.

28 U.S.C. § 1292(c)(2); see also Pods, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1365 n. 4 (Fed. Cir. 2007) ("While the judgment as to the patent claims was still subject to enhancement of damages (and enhancement was granted on August 25), that possibility did not bar an immediate appeal pursuant to 28 U.S.C. § 1292(c)(2), which gives this court jurisdiction over a judgment of patent infringement that 'is final except for an accounting.'"); Majorette Toys Inc. v. Darda, Inc., 798 F.2d

2

1390, 1391 (Fed. Cir. 1986) ("If an appeal in a patent case can come to this Court under § 1292(c)(2) after validity and infringement are determined but prior to determining damages, it makes no sense not to allow an appeal after validity, infringement, and damages are ascertained, and an award of attorney fees granted, even though the exact amount of attorney fees (and costs) has not been precisely ascertained.").

Trial courts maintain jurisdiction to reconsider or reopen any part of a patent case which has been appealed pursuant to § 1292(c)(2) precisely because the judgment is not final. Mendenhall v. Barber-Greene Co., 26 F.3d 1573, 1581 (Fed. Cir. 1994) ("'Although the interlocutory decision of the Court of Claims on the question of validity and infringement was appealable [under predecessor statute to § 1292(c)(2)], [citations omitted], as are interlocutory orders of district courts in suits to enjoin infringement, [citation omitted], the decision was not final until the conclusion of the accounting. [citations omitted]. *Hence the court did not lack power at any time prior to entry of its final judgment at the close of the accounting to reconsider any portion of its decision and reopen any part of the case*.'") (quoting Marconi Wireless Co. v. United States, 320 U.S. 1, 47 (1943)) (emphasis added). Further, no party here exercised its right to appeal under § 1292(c)(2). Cf. Mendenhall, 26 F.3d at 1580-81 ("A final judgment is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' [citation omitted]. A judgment on an appeal under § 1292(c)(2) allowing interlocutory appeals of liability judgments in patent cases does not end the litigation. [citations omitted]. The purpose of § 1292(c)(2) is to permit district courts to stay and possibly avoid a burdensome determination of damages. [citation omitted]. This provision for interlocutory appeal does not render a district court decision on fewer than all issues in the case a 'final' decision.").

It is undisputed that the Court retained jurisdiction after the May 16, 2007 judgment to determine the final amount of damages with an enhancement. Thus, the Court has not yet rendered a decision on all the issues as required for a final judgment that may not be revisited unless a party files an appropriate motion within ten days. Moreover, acceptance of Plaintiff's argument that the Court may only set the amount of enhanced damages at something greater than zero, but may not reconsider Plaintiff's entitlement to any amount even in light of an intervening change in the law,

3

would elevate form over substance and ignore the wise admonition of Rule 1 of the Federal Rules of Civil Procedure to construe the Rules "to secure the just, speedy and inexpensive determination of every action." Indeed, the parties agree that if and when the final judgment in this case is appealed to the Federal Circuit, the appellate court will scrutinize the jury's finding of willfulness under Seagate. The result could be an unnecessary remand and retrial of willfulness under the new legal standard, hardly a speedy or inexpensive result.

Plaintiff argues that the determination of the amount of the enhancement which was reserved for a later date does not permit the Court to alter the underlying "judgment" of willfulness. But willfulness was simply a finding of the jury which was the necessary (though not sufficient) predicate of any enhancement (there being no claim here of bad faith litigation). The Court considered the jury's finding as triggering the need to assess the Read factors to decide whether the balance tilted in favor of enhancement, and the balance has now shifted in light of Seagate. See Read Corp. v. Portec, Inc., 970 F.2d 816, 826 (Fed. Cir. 1992), abrogated on other grounds by Markman v. Westview Instruments, Inc., 52 F.3d 967, 975 (Fed.Cir.1995) (en banc).

Moreover, in the face of this Court's jurisdiction to reconsider any aspect of its prior ruling under Mendenhall, Plaintiff has provided no binding or persuasive authority requiring the Court to deny Defendant's motion as untimely. Plaintiff only points to a district court case from another circuit, E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 723 F. Supp. 1023, 1024 (D. Del. 1989). There, however, the court was plainly frustrated with what it considered to be pointlessly repetitive motions after remand urging it to reopen the record, which it had repeatedly denied; indeed, the court began its discussion of its rationale with the statement: "*Reasons*: This is the third time that [defendant] has presented this or equivalent motions for this Court's consideration and decision." E.I. DuPont, 723 F. Supp. at 1024. In addition to finding the motion untimely, the court held in the alternative that even if the most recent iteration of the motion were timely,

> This is simply the third time this issue in one form or another has been presented to the Court by Phillips. Thus, the Court again having considered the matter and assuming the motion to be timely, denied the motion on the same grounds that it elaborately set forth in its [prior] Opinion....Finally, the Court is left with the definite impression that the pending motion presenting the same arguments for a third time is totally frivolous and apparently is made for the purpose of delay.

4

Id. Here, by contrast, the Court wishes to revisit the already close call it made before Seagate on whether to enhance damages even modestly, in light of the new argument that could only have been made after Seagate issued that the balance of the Read factors no longer favors enhancement. This Court has not yet entered final judgment, as Mendenhall makes clear, but instead expressly deferred the question of the amount of any enhancement with the agreement of the parties until it ruled on the motions leading to the remittitur.[1]

**Defendant's Renewed Motion for Judgment as a Matter of Law**

Plaintiff also argues that Defendant is barred from bringing this renewed motion for judgment as a matter of law because, even though Defendant brought a motion for judgment as a matter of law on the issue of willfulness during trial, it did not raise the Seagate argument at that time. "A party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003) (citing Advisory Comm. Notes to the 1991 amendments, Fed. R. Civ. P 50 ("A post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion.")). There are two reasons for this rule:

> First it preserves the sufficiency of the evidence as a question of law, allowing the district court to review its initial denial of judgment as a matter of law instead of forcing it to 'engage in an impermissible reexamination of facts found by the jury.' [citation omitted]. Second, it calls to the court's and the parties' attention any alleged deficiencies in the evidence at a time when the opposing party still has an opportunity to correct them. [citation omitted].

Freund, 347 F.3d at 761; see also Duro-Last, Inc. v. Custom Seal, Inc., 321 F.3d 1098, 1106-07 (Fed. Cir. 2003) (holding that pre-verdict motion for judgment as a matter of law raising inequitable conduct and the on-sale bar did not raise the obviousness issue that was raised in the post-verdict motion for judgment as a matter of law, so the defendant had waived its right to challenge the sufficiency of the evidence underlying the verdict on obviousness).

---

[1] If Plaintiff's hyper-technical argument were correct, the Court could achieve essentially the same result by awarding only a nominal enhancement amount, because the Court has considerable discretion in setting the amount. But the Court prefers to take the more straightforward route of revisiting its initial, discretionary determination that enhancement was appropriate, in light of the changed circumstances.

5

Here, Defendant did raise the issue of willfulness in its pre-verdict Rule 50 motion (docket number 639), and now raises the same issue again in this motion for renewed judgment as a matter of law. The only change is that the renewed motion is based on a different legal standard that did not exist at the time of the initial motion. Plaintiff has cited no case in which an intervening change in the law occurring after the pre-verdict Rule 50(a) motion barred a renewed motion for judgment as a matter of law challenging the same issue but based on the new legal standard. Further, if Defendant had made an argument in its initial Rule 50 motion based on clairvoyance about the willfulness standard that was subsequently adopted in Seagate, the Court would have been constrained to follow the lower standard under existing Federal Circuit law. Defendant's renewed motion for judgment as a matter of law is not barred for this procedural reason.

In reviewing Defendant's renewed motion for judgment as a matter of law on the merits, the Court must view the evidence in the light most favorable to Plaintiff and draw all reasonable inferences in its favor. See Josephs v. Pacific Bell, 443 F.3d 1050, 1062 (9th Cir. 2006); see also Bell v. Clackamus County, 341 F.3d 858, 865 (9th Cir. 2003) (citing Fed. R. Civ. P. 50(a)). "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." Josephs, 443 F.3d at 1062. Here, although reasonable minds could differ, viewing the evidence as required, the Court cannot conclude that the evidence only supports a verdict in Defendant's favor, even though under the new standard the jury would be more likely to find for Defendant. For example, viewed in the light most favorable to Plaintiff, the evidence at trial showed that Mike Boz, the engineer assigned as the architect of Defendant's EDF feature, stated in relation to the patent at issue that "This is a big one," and "We are definitely infringing on this one; just like anyone in the ETL business" (although if viewed in another light, his statement could be taken as consistent with his belief in the patent's invalidity). Trial Ex. 576 at 2. In addition, Defendant's in-house counsel stated that Plaintiff had "several patents on products/processes that appear to be similar to the way our products work." Trial Ex. 223 at 1. Defendant released its infringing product in April 2001 while potentially on notice from Mr. Boz of infringement. Further, Defendant continued to infringe after this lawsuit was filed, upgrading its product and continuing to

6

1 sell it. See, e.g., Trial Ex. 294 at 29, 34. Accordingly, Defendant's motion for renewed judgment as a matter of law is denied.

**Enhancement of damages for willfulness**

Based on the jury's finding of willful infringement by Defendant and the Court's evaluation at that time of the factors set forth in Read Corp. v. Portec, Inc., 970 F.2d 816, 826 (Fed. Cir. 1992), abrogated on other grounds by Markman v. Westview Instruments, Inc., 52 F.3d 967, 975 (Fed.Cir.1995) (en banc), the Court concluded in its May 16, 2007 Order that only a modest enhancement of damages for willfulness was appropriate. See Read, 970 F.2d at 826 (instructing that if a court decides to enhance damages, the court looks to the totality of circumstances and considers the egregiousness of the defendant's conduct as well as factors that are mitigating or ameliorating to set the amount of enhancement). The Court deferred determination of the amount pending a ruling on Defendant's first motion for a new trial.

Although willful infringement may authorize the award of enhanced damages, "a finding of willful infringement does not mandate that damages be enhanced, much less mandate treble damages." Read, 970 F.2d at 826. In this case, the jury found willfulness based on now-obsolete case law. In Seagate, the Federal Circuit overruled the due care standard for evaluating willful infringement adopted in Underwater Devices Inc. v. Morrison-Knudsen Co., 717 F.2d 1380, 1389-90 (Fed. Cir. 1983) and applied by the jury in this case to determine Defendant's willfulness. Instead, the Seagate court held that "proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness." Seagate, 497 F.3d at 1371 (requiring "clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."). In addition, the patent holder must show "that this objectively-defined risk ... was either known or so obvious that it should have been known to the accused infringer." Id.

Considering the totality of the circumstances in light of Seagate, which significantly raisd the bar for a finding of willfulness, the Court now declines to award any enhancement in this case. Even at the time when the Court determined that a modest enhancement was appropriate, one of the

7

primary Read factors weighing against a substantial enhancement was the closeness of the case. The Court stated:

> On the issue of closeness of the case, willfulness was a close question given the uncertainty of how the claims would be construed in the software patents at issue and the evolution of Informatica's infringement theory, including the withdrawal of the '990 Patent shortly before trial. The invalidity defense was also a somewhat close question. Although the jury resolved these issues in favor of Informatica, this result is not determinative of whether the questions were closely balanced and hotly contested. See Applied Medical Resources Corp. v. United States Surgical Corp., 967 F.Supp. 861, 865 (E.D. Va. 1997).

May 16, 2007 Order at 11:3-9.

Under the Seagate standard, the issue of willfulness becomes even closer; had the Seagate standard been used in this case, Plaintiff might well have lost on willfulness. Moreover, the Court has since determined and Plaintiff accepted a remittitur that represented the high end of damages that a jury might have awarded. Cf. Riles v. Shell Exploration and Production Co., 298 F.3d 1302, 1314 (Fed. Cir. 2002) (holding that the district court did not abuse its discretion in denying enhancement of damages for willfulness, stating that: "the case was hard-fought, and that the jury could have found for Shell on the infringement and willfulness issues and could have awarded substantially less damages. In addition, the trial court weighed Shell's litigation behavior and found no reason for an award of enhanced damages.").

**Motion for New Trial**

Because the Court has declined to enhance damages based on willfulness, Defendant's Motion for a New Trial is denied as moot.

**Conclusion**

Accordingly, Defendant's Renewed Motion for Judgment as a Matter of Law or for a New Trial is denied. Based on the totality of the circumstances and in light of Seagate, the Court does not award any enhanced damages in this case.

**IT IS SO ORDERED.**

Dated: October 29, 2007

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

8