UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFORMATICA CORPORATION<br><br>    Plaintiff,<br><br>        v.<br><br>BUSINESS OBJECTS DATA INTEGRATION, INC.<br><br>    Defendant.<br>_____/ | No. C 02-03378 EDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND ORDERING PARTIES TO MEET AND CONFER REGARDING PREJUDGMENT INTEREST** |

On November 13, 2007, Plaintiff filed a motion for attorney's fees pursuant to 35 U.S.C. § 285, arguing that this is an exceptional case warranting a fee award. Plaintiff's motion also seeks prejudgment interest. The motion has been fully briefed. Because this matter is appropriate for decision without oral argument, the December 18, 2007 hearing is vacated.

The Court previously denied Plaintiff's request for attorney's fees under § 285, which permits an award of attorneys' fees in "exceptional cases." See May 16, 2007 Order at 12-13 ("Here, consulting the Read factors for enhancement, as articulated in Section II, supra, the Court declines to find that this case qualifies as an 'exceptional case.' In particular, the closeness of the evidence of willfulness and BODI's assertion of substantial invalidity defenses negate the conclusion that this case is exceptional."). As explained in the Court's May 16, 2007 Order, to award fees under § 285, the Court must first determine that a case is "exceptional," and then it may exercise its discretion to award fees to the prevailing party. See S.C. Johnson & Sons v.

1  Carter-Wallace, Inc., 781 F.2d 198, 201 (Fed.Cir.1986); see also Beckman Instruments, Inc. v. LKB
2  Produkter AB, 892 F.2d 1547, 1552 (Fed. Cir. 1989) ("The purpose of § 285 when applied to
3  accused infringers is generally said to be two-fold: one, it discourages infringement by penalizing
4  the infringer; and two, it prevents "gross injustice" when the accused infringer has litigated in bad
5  faith.").

6      Plaintiff's current motion for fees offers no adequate new basis on which to reverse the
7  Court's prior determination that this is not an exceptional case warranting a fee award.  To the
8  contrary, developments since the May 16, 2007 Order reinforce the Court's original ruling.  After
9  the Federal Circuit's en banc decision in In re Seagate Technology, LLC, 497 F.3d 1360 (Fed. Cir.
10 2007), which significantly raised the threshold for finding willful infringement, the Court declined to
11 enhance damages.  See Oct. 29, 2007 Order at 7-8 ("Considering the totality of the circumstances in
12 light of Seagate, which significantly raised the bar for a finding of willfulness, the Court now
13 declines to award any enhancement in this case. . . . Under the Seagate standard, the issue of
14 willfulness becomes even closer; had the Seagate standard been used in this case, Plaintiff might
15 well have lost on willfulness.").  Plaintiff argues that the denial of enhanced damages supports a fee
16 award in the alternative in order to deter infringers from disregarding the patent rights of others.
17 However, the Court's conclusion that under Seagate this case presented a very close case of
18 willfulness also weighs against an award of attorneys' fees.  See Beckman Instruments, 892 F.2d at
19 1552 ( "Among the types of conduct which can form a basis for finding a case exceptional are
20 willful infringement, inequitable conduct before the P.T.O., misconduct during litigation, vexatious
21 or unjustified litigation, and frivolous suit.").  In addition, Plaintiff accepted the Court's calculation
22 of a remittitur that represented the high end of damages that a jury might have awarded.  See Aug.
23 16, 2007 Order at 6-7; cf. Riles v. Shell Exploration and Production Co., 298 F.3d 1302, 1314
24 (Fed.Cir. 2002) (affirming denial of enhanced damages in part because the jury could have awarded
25 substantially less damages).

26     Accordingly, for the reasons stated above and in the Court's May 16, 2007 Order, Plaintiff's
27 motion for attorneys' fees is denied.  The Court previously granted Plaintiff's request for
28 prejudgment interest.  See May 16, 2007 Order at 13-14.  The parties are ordered to meet and confer

about the amount of prejudgment interest and propose a stipulation to the Court no later than December 17, 2007.

**IT IS SO ORDERED.**

Dated: December 6, 2007

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

3